**Edward DELL, Plaintiff,**

v.

**AMERICAN EXPORT LINES, Inc., Defendant and Third-Party Plaintiff (The United States of America, Dayton Contracting Co., Inc., and Maher Stevedoring Co., Inc., Third-Party Defendants).**

United States District Court
S. D. New York.
June 26, 1956.

**512**

Haight, Gardner, Poor & Havens, New York City, George H. Hearn, Brooklyn, N. Y., James M. Estabrook, New York City, of counsel, for defendant and third-party plaintiff American Export Lines, Inc.

Paul W. Williams, U. S. Atty., New York City, Walter L. Hopkins, Trial Attorney, Department of Justice, New York City, of counsel, for third-party defendant United States.

DIMOCK, District Judge.

Four motions have been made by the parties to this action which touch upon the power of a district court to transfer an action from the civil docket to the admiralty docket.

Plaintiff, a longshoreman, not employed by defendant American Export Lines (hereinafter called Export), invoking the Jones Act, 46 U.S.C. § 688, brought this action on the civil side to recover for personal injuries allegedly sustained on the S. S. Exchester, owned by defendant Export. After answer, defendant Export impleaded, as third-party defendants, the United States of America, Dayton Contracting Co., Inc., and Maher Stevedoring Co., Inc. The third-party complaint alleges that, at the time of the alleged injury to plaintiff, the United States was loading cargo aboard the S. S. Exchester. The other two named third-party defendants, it is alleged, had been employed by the United States to accomplish the loading. Defendant Export, in its third-party complaint, claims indemnity for any judgment that may be rendered against it in the parent action.

Plaintiff's reliance on the Jones Act was misplaced, Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 221 F.2d 615, and there is no allegation of diversity of citizenship so that jurisdiction of the parent claim on the civil side cannot be supported. The admiralty side would, however, have jurisdiction of that claim. See e. g. Grillea v. United States, 2 Cir., 229 F.2d 687.

Jacob Rassner, New York City, Jacob Rassner, Harvey Goldstein, New York City, on the brief, for plaintiff.

Various motions have been made by plaintiff, defendant Export, and third-party defendant United States. I need

not identify each individual motion. It suffices to state that the issue before me is whether all or parts of this action may be transferred from the civil side. Since all parties concede that the action is not justiciable on the civil side of the court, inability to transfer any part of this action to the admiralty side will require dismissal of that part.

Only third-party defendant United States objects to transfer to the admiralty docket. Therefore, the complaint and the third-party complaint against Dayton Contracting Co., Inc., and Maher Stevedoring Co., Inc., will be transferred. See Petrol Corp. v. Petroleum Heat & Power Co., 2 Cir., 162 F.2d 327.

I turn then to the third-party complaint against the United States. The United States contends that the court has no jurisdiction over its person and over the subject matter and therefore is without power to transfer to the admiralty side.

The United States as a sovereign is immune from suits unless it consents to be sued. Without such consent a court lacks jurisdiction. Where consent is granted, the terms of the consent strictly define the court's jurisdiction to entertain the action. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058. Jurisdiction to entertain this suit is conferred by the Suits in Admiralty Act, 46 U.S.C. § 742, which provides that an action in admiralty may be brought against the United States where a proceeding in admiralty could have been maintained against a private entity. While no one has expressed any doubt about Export's right to commence an identical action against the United States in admiralty or to implead the United States under Admiralty Rule 56 if the suit is transferred, the Government for some unexplained reason has objected to transfer to the admiralty docket and insists upon a dismissal.[1] Since the Government presses this question, I must determine it.

Johnson v. United States Shipping Board Emergency Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451, is the leading case for the proposition that the exclusive remedy against the United States, in a dispute such as this, is under the Suits in Admiralty Act. That Supreme Court decision covered four separate cases involving the same issue. In all four cases, actions had been instituted against the United States under allegations of jurisdiction other than the Suits in Admiralty Act and were, therefore, not tried on the admiralty side of the court. The Supreme Court held that the complaints should have been dismissed for want of jurisdiction. In three of the four actions involved in the Johnson case, the decision to dismiss rather than transfer to the admiralty side was immaterial; in each of those three actions the suit had been commenced beyond the two year statute of limitation provided in the Suits in Admiralty Act and therefore would have been barred even if correctly commenced in admiralty. In the fourth action, Fleet Corporation v. Lustgarten, however, the action on the law side of the court had been commenced only ten months after the claim had accrued. See Lustgarten v. United States, D.C.E.D. N.Y., 5 F.Supp. 746. Thus, the action was timely commenced and a remand to the trial court for transfer to the admiralty docket, if such power existed, would have kept the action alive. The Supreme Court did not so order. Instead, the court ruled that the action must be dismissed for lack of jurisdiction.

A similar problem was extensively treated by Circuit Judge Frank in Hammond-Knowlton v. United States, 2 Cir., 121 F.2d 192. In that action, the plaintiff originally began an action against the Collector of Internal Revenue to recover an over-payment of about $15,000 in taxes. After a verdict for plaintiff in the

[1] No limitation period is involved. The claim against the United States is one for indemnity. A claim for indemnity does not accrue until the indemnitee's liability is fixed. Obviously that has not yet occurred in this case. Hidalgo Steel Co. v. Moore & McCormack Co., Inc., D.C. S.D.N.Y., 298 F. 331, 334.

trial court, the Government won a reversal in the Court of Appeals on the ground that the United States, not the Collector, should have been the defendant. By this time, the statute of limitations barred commencement of another action against the Government. On remand, the district court permitted a nunc pro tunc amendment of the complaint to substitute the United States as party defendant and to reduce the claim from $15,000 to $10,000, the jurisdictional limit for the district court under the Tucker Act, then 28 U.S.C. § 41(20). Through use of this nunc pro tunc amendment, the district court believed it was avoiding the statute of limitations bar.

After another judgment for plaintiff, the Government again appealed to the Court of Appeals. The Second Circuit, since there was no question on the merits, had to consider only two questions relating to jurisdiction: (1) could the Government be substituted as party defendant nunc pro tunc?; and (2) could the complaint be amended nunc pro tunc to reduce the claim demanded to $10,000, the jurisdictional limit set in the Tucker Act?

The court found little difficulty in holding that the substitution of the United States as party defendant related back to the date of the filing of the original complaint. It reasoned that the Government had been the real party in interest since the action had been commenced, and would have been bound by any judgment. Thus the substitution was nothing more than a change of name, a matter of mere form.

The court found, however, that the second obstacle to its expressed desire to affirm the judgment for plaintiff was insuperable. See 121 F.2d at pages 194, 204. The Tucker Act authorized suits against the United States for amounts not in excess of $10,000. Plaintiff's original complaint demanded over $15,000. Judge Frank stated that, if the question were one of first impression, he would hold that an amendment nunc pro tunc to reduce the claim to $10,000 would relate back to the date the action was commenced, on analogy to the case where a plaintiff fails to allege diversity of citizenship and is permitted to do so after the statute has run. Judge Frank found he was not free to use that analogy, however:

"But * * * here, the difficulty is, it would seem, more grave than a failure, in the ordinary case, to allege 'jurisdictional' facts; it is something apparently regarded by the Supreme Court as more serious, i. e., as a failure to comply with a condition of the sovereign's waiving its immunity from suit." 121 F.2d at page 202.

I, like Judge Frank, am bound by these authorities to decide this motion contrary to my personal opinion. Any deviation from this exceedingly strict interpretation of the consent given by the Government to be sued must be made by the Supreme Court.

■ The motion of third-party defendant United States to dismiss the third-party complaint against it is granted without prejudice to commencement of a new suit against the Government in admiralty or impleader of the United States as a third-party respondent after transfer of the action to the admiralty side. The remainder of this action is transferred to the admiralty side. All other relief moved for is denied.