Judith BEELER, a minor, by Charles Beeler and Ruth Beeler, her parents and natural guardians, and Charles Beeler and Ruth Beeler, in their own right, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 63–345.

United States District Court
W. D. Pennsylvania.

Jan. 10, 1964.

McArdle, Harrington & McLaughlin, John Feeney, Pittsburgh, Pa., for plaintiffs.

Gustave Diamond, U. S. Atty., Sebastian Pugliese, Pittsburgh, Pa., Daniel E. Leach, Dept. of Justice, Washington, D. C., for defendant.

WILLSON, District Judge.

Plaintiff, Judith Beeler, a minor, was injured on June 12, 1961 in a boating accident which occurred on the navigable waters of the Allegheny River in this judicial district. At the time of the accident plaintiff was a passenger in a pleasure boat which was swept over the Kittanning Lock. It is alleged by the minor plaintiff and her parents who join her in this suit that she sustained severe and extensive injuries because employees of the United States Army, Corps of Engineers, as agents and servants of the government, were responsible for giving adequate warning of the presence of the Lock, i. e., " * * * Said employees were negligent in that they did not properly locate warning signs so as to be visible to craft on the River. This failure constituted the proximate cause of the injuries to Judith Beeler, plaintiff herein."

The suit was commenced as a civil action on April 29, 1963. Under the Civil Action Number appears

"FEDERAL TORTS CLAIMS ACT
28 U.S.C.A. Section 1346"

The pleading is designated a "Complaint". The Third Paragraph reads:

"THIRD: This Court has jurisdiction of this cause under the provision of Paragraph 1346 of Title 28 United States Code, known as the Federal Torts Claim Act."

The Complaint ends with "A JURY TRIAL IS DEMANDED."

The government filed a responsive answer and, thereafter, filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The grounds for the motion are:

" * * * (1) that there are no genuine issues of material fact, (2) that plaintiffs' exclusive remedy for their maritime cause of action against the United States lies under the Suits in Admiralty Act (46 U.S.C. 741–750), and (3) that the Court accordingly lacks jurisdiction over plaintiffs' civil action brought under the Federal Tort Claims Act (28 U.S.C. 1346(b))."

In the alternative, says the government, it is entitled to summary judgment because plaintiffs' claim is based upon misrepresentation, a tort expressly excluded from the Federal Tort Claims Act jurisdiction by 28 U.S.C. § 2680(h). However, the latter point is not reached in this decision. Counsel have been heard at oral argument on two occasions. Briefs and a reply brief have been filed and the matter duly considered. I am of the view that the defendant is entitled to prevail on its motion.

It is fundamental that the United States may only be sued in instances in which congress has waived the sovereign

immunity. The Federal Tort Claims Act is one of such statutes, but it specifically excepts from the district court's jurisdiction any suit for which a remedy is provided under Title 46 U.S.C.A. §§ 741–752, 781–790, i. e., suits in admiralty. The exact wording of the Act is:

"§ 2680.  Exceptions

"The provisions of this chapter and section 1346(b) of this title shall not apply to  *  *  *

"(d) Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States."

It should be emphasized at this point that the accident took place on June 12, 1961, according to the plaintiff's averment in the Complaint. On September 13, 1960, Public Law 86–770, 74 Stat. 912, became effective. The first two sections permitted the transfer of cases between the Court of Claims and the District Courts when the wrong jurisdiction was invoked. Section 3 of the statute, however, amended the first sentence of Section 2 of the Suits in Admiralty Act, Title 46 U.S.C.A. § 742, by inserting "  *  *  *  or if a private person or property were involved  *  *  *", then a proceeding in admiralty could be maintained in any appropriate nonjury proceeding in personam against the United States.

■ Thus it is certain and clear that the instant case could have been maintained on the admiralty side of the Court by filing a Libel in Personam against the United States. This is now conceded by plaintiffs' counsel in his brief. Under this situation then, with the Federal Tort Claims Act specifically excepting jurisdiction under cases which may be filed under the Suits in Admiralty Act, does this Court still have jurisdiction, nevertheless, to allow this case to proceed?

As I read the decisions and the writers on this subject, particularly Edelman's "Maritime Injury and Death", Vol. 1, p. 459, et seq., and particularly p. 463, prior to the 1960 Amendment under 46 U.S.C.A. § 742, this civil action would have been proper under the Federal Tort Claims Act as there was no jurisdiction under the admiralty statutes. In Senate Report No. 1593, on the Admiralty Jurisdiction—Extension Act, U. S. Code Congressional Service, 80th Congress, 1948, p. 1900, the exception in the Federal Tort Claims Act of 1946 is referred to which makes the Suits in Admiralty and Public Vessels Acts exclusive where available, and, continuing, "  *  *  *  the right of claimants to proceed against the United States by civil action will be abolished." In the Senate Report No. 1894, 1960, which refers to the 1960 Amendment, Congress was careful to permit a transfer from the District Courts to the Court of Claims or vice versa in certain instances, but did not do so, and refrained from doing so in enlarging admiralty jurisdiction to include suits against the United States when private persons or property are involved. In discussing the new section 3 of the 1960 statute, 74 Stat. 912, the report says, p. 3583:

"The new section 3, which clarifies the language of the first or jurisdictional sentence of section 2 of the Suits in Admiralty Act (41 Stat. 525; 46 U.S.C. 742), was suggested by the Department of Commerce and endorsed by the Maritime Law Association. Its purpose is to prevent the repetition of misfilings in the future. It restates in brief and simple language the now existing exclusive jurisdiction conferred on the district courts, both on their admiralty and law sides, over cases against the United States which could be sued on in admiralty if private vessels, persons, or property were involved."

■ Thus it is clear that Congress expressly directed that recovery would be permitted against the United States in maritime cases by a Libel in Personam filed on the admiralty side of the court. It is abundantly clear, also, from the statute, as well as the decisions that the Federal Tort Claims Act, expressly excludes

any suit against the United States under its terms when a remedy is provided in admiralty. Plaintiffs contend, however, that the mistake, if any, in filing the suit on the civil side rather than in admiralty is procedural only and not jurisdictional, and, therefore, the case must be transferred or an amendment allowed or otherwise an Order should be entered other than dismissal. However, I do not see the soundness of plaintiffs' contention. The authoritative decisions compel dismissal. When the United States waives its sovereign immunity it opens the doorway to a suit. But the doorway which is open must be used. First National Bank of Emlenton, Pa. v. United States, 265 F.2d 297 (3 Cir. 1959). The Federal Tort Claims Act, as well as the Suits in Admiralty Act, is jurisdictional. It seems to this Court that the Supreme Court, as well as various Courts of Appeal and District Courts, have spoken with finality on this subject. The Supreme Court held in United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769–770, 85 L.Ed. 1058, 1941, as follows:

> "The United States, as sovereign, is immune from suit save as it consents to be sued, * * * and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."

See also Johnson v. United States Shipping Board Emergency Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451, 1930, and Dell v. American Export Lines, 142 F.Supp. 511 (S.D.N.Y., 1956). Similarly, in Department of Highways, State of La. v. United States, 204 F.2d 630, 632 (5 Cir. 1953), the Court held as follows:

> "There can be no doubt that Congress has the power, not only to say in what kind of cases the United States may be sued, but in what court the suit may be brought. If Congress does in certain cases give its consent, the courts are confined to the letter of the statute which expresses such consent. And all of the

provisions of such a statute are jurisdictional."

Judge Dimock, an experienced admiralty judge, in Dell v. American Export Lines, discussed the holding of the Supreme Court in the Sherwood case and in the Fleet Corporation case. He came to the same conclusion that I have reached, that is that an action on the law side of the court against the United States is barred when jurisdiction on a cause of action is conferred by the Suits in Admiralty Act, 46 U.S.C.A. § 742. ·

### ORDER

And now, this 10th day of January, 1964, for the reasons stated in the foregoing opinion, the motion of defendant for summary judgment is granted and judgment is directed to be entered in favor of the United States and against the plaintiffs, Judith Beeler, a minor, by Charles Beeler and Ruth Beeler, her parents and natural guardians, and Charles Beeler and Ruth Beeler, in their own right.