Malcolm **B.** TEBBS

v.

The **BAKER–WHITELY TOWING CO.,** a body corporate, Michael **R.** Cataneo, trading as Tony Cataneo Line Service, Amercian Ship Service Co., Inc., a body corporate, United States of America, Frank Udoff, American Casualty Company of Reading, Pennsylvania, a body corporate.

Admiralty No. 4543.

United States District Court
D. Maryland.

March 25, 1964.

Sol C. Berenholtz and Solomon Kaplan, Baltimore, Md., for libelant.

Anthony W. Gross, Attorney, Admiralty and Shipping Section, Department of Justice (Leavenworth Colby, Chief, Admiralty and Shipping Section, Joseph D. Tydings, U. S. Atty., and Daniel F. McMullen, Jr., Asst. U. S. Atty., on the brief), for United States of America, Frank Udoff and American Casualty Co.

THOMSEN, Chief Judge.

Respondents United States of America, Frank Udoff (the marshal of this Court) and American Casualty Company of Reading have excepted to the amended libel on various grounds.

The amended libel alleges the following facts. On December 26, 1962, pursuant to a monition issued by this Court in United States v. S. S. Sands Point, Admiralty No. 4448, the marshal seized the Sands Point at a shipyard in Baltimore, Maryland, and the vessel remained in his official custody and control until after the libel in the present case was filed. On or before April 17, 1963, the marshal contracted with respondents Baker-Whitely Towing Company, Michael R. Cataneo, t/a Tony Cataneo Line Service, and American Ship Service Co., Inc., to have the Sands Point shifted and secured to a dock located at Broadway and Thames Street, Baltimore, and on April 18, 1963, to have the vessel shifted from the dock to an anchorage in Baltimore Harbor. While the vessel was being so shifted, it collided with and damaged the yacht Abogado, owned by libelant. Various acts of negligence on the part of the several respondents are alleged, e. g., that the marshal was negligent in failing "to properly perform his duty of safely keeping and preserving the S. S. Sands Point while it was in his custody and control, in that he failed to secure the said vessel to the Broadway dock" with proper lines, in failing "to properly supervise the docking, undocking and shifting" of the vessel, in failing "to properly discharge all of the duties and responsibilities imposed upon him by law, or by regulation issued pursuant thereto", and in being otherwise negligent and careless. John M. Diakakis, an employee of the United States, engaged by the marshal, was aboard the vessel while it was being shifted on April 17 and 18.

The cause of action against the United States is alleged to arise under the Federal Tort Claims Act, 60 Stat. 842, 843, 28 U.S.C.A. §§ 1346(b), 2671 et seq., and/or the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752.

The statutes involved are set out in the margin, note 1.[1]

---

1. Sec. 2 of the Suits in Admiralty Act, 1920, 41 Stat. 525, as amended by the Act of September 13, 1960, 74 Stat. 912, 46 U.S.C. § 742, provides:

"In cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States or against any corporation mentioned in section 741 of this title. * * *"

Sec. 5 of the Suits in Admiralty Act, 1920, 41 Stat. 526, as amended by the Act of December 13, 1950, 64 Stat. 1112, 46 U.S.C. § 745, provides:

"Suits as authorized by this chapter may be brought only within two years after the cause of action arises: Provided, That where a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim: * * *."

Sec. 544 of the Judicial Code, 28 U.S.C. § 544, provides:

"(a) Every United States marshal, including any marshal appointed to serve during a vacancy, shall be bonded in the sum of $20,000 for the faithful performance of duty by himself and his deputies during his continuance in office and by his deputies after his death until his successor is appointed and qualifies.

"* * *

"(c) Any person injured by a breach of a United States marshal's bond may sue thereon, in his own name, to recover his damages. * * *"

Sec. 547 of the Judicial Code, 28 U.S.C. § 547, provides:

"* * *

"(b) [The marshal] shall execute all lawful writs, process and orders issued under authority of the United States, and command all necessary assistance to execute his duties.

"(c) The Attorney General shall supervise and direct marshals in the performance of public duties and accounting for public moneys. Each marshal shall report his official proceedings, receipts and disbursements and the condition of

The bond referred to in the libel is a Position Schedule Bond, issued by American Casualty Company of Reading, which agrees to indemnify the United States of America, Obligee, "against any loss or losses up to the bonded amounts shown for each position in the below Schedule of Positions,[2] which any United States Marshal may directly or by collusion with others, cause to the Obligee through the failure of such marshal, to effect the faithful performance of duty by himself and his deputies during his continuance in office  *  *  *", subject to the following conditions:

"First: That any person injured by a breach of this bond may sue thereon in his own name to recover his damages, as provided in 28 U.S.Code 544(c).

"Second: The term 'faithful performance of duty' shall include the proper accounting for all funds or property received by reason of the position or employment of the individual or individuals bonded hereby and the proper discharge of all duties and responsibilities now or hereafter imposed upon such individual or individuals by law or by regulation issued pursuant thereto. The term 'regulation' shall include any written rule, order, or instruction issued pursuant to law.  *  *  *"

■ The libel alleges a maritime tort, cognizable in admiralty, by an officer of the United States acting in the course of his duties. A remedy therefor is provided by sec. 2 of the Suits in Admiralty Act, as amended, 46 U.S.C.A. § 742, set

out in Note 1, above. Where a remedy is provided by that section, the Federal Tort Claims Act does not apply. 28 U.S.C.A. § 2680; Note 1, above.

The remedy provided by the Suits in Admiralty Act is also "exclusive of any other action by reason of the same subject matter against the agent or employee of the United States  *  *  * whose act or omission gave rise to the claim." 46 U.S.C.A. § 745; Note 1, above. See Atlantic Coast Line R. R. Co. v. Agwilines, Inc., 5 Cir., 195 F.2d 459 (1952); Williams v. United States, 4 Cir., 228 F.2d 129 (1955), cert. den. 352 U.S. 860, 76 S.Ct. 1064, 100 L.Ed. 1499 (1956); Hanlon v. Waterman S. S. Corp., 2 Cir., 265 F.2d 206 (1959), cert. den. 361 U.S. 822, 80 S.Ct. 69, 4 L.Ed.2d 67 (1959).

■ This action, therefore, may not be prosecuted against the marshal, nor against his surety. American Surety Co. of New York v. Wheeling Structural Steel Co., 4 Cir., 114 F.2d 237 (1940); National Surety Co. v. United States, 5 Cir., 143 F.2d 831 (1944), cert. den. 323 U.S. 782, 65 S.Ct. 268, 89 L.Ed. 625. It is not necessary to decide in this case whether, apart from the statutory immunity, an action for negligence could be maintained against the marshal under the facts alleged.

The exceptions of Marshal Udoff and American Casualty Company of Reading are hereby sustained, and the libel is dismissed as against them. The action may be prosecuted against the United States under the Suits in Admiralty Act, but not under the Federal Tort Claims Act.

---

his office as the Attorney General directs. June 25, 1948, c. 646, 62 Stat. 912."

Sec. 421 of the Federal Tort Claims Act, 1948, as amended, 62 Stat. 984, 28 U.S.C. § 2680, provides:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"  *  *  *

"(d) Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States.  *  *  *"

2. $30,000 for the District of Maryland.