Inez **UTZINGER**, now Inez **Hillis**, as Administratrix of the Estate of Oliver T. Utzinger, deceased, and in her own behalf, Plaintiffs,

v.

The **UNITED STATES** of America, Defendant.

Civ. A. No. 5713.

United States District Court
S. D. Ohio, W. D.

April 13, 1965.

Augustus Beall, III, Cincinnati, Ohio, and Harry Alan Sherman, Pittsburgh, Pa., for plaintiffs.

Arnold Morelli, Cincinnati, Ohio, and Daniel E. Leach, Washington, D. C., for defendant.

JOHN W. PECK, District Judge.

Plaintiff alleges in her complaint that her decedent received fatal injuries and that she sustained severe personal injuries as the result of a collision on the navigable waters of the Ohio River. The accident occurred on the night of August 27, 1963, when an outboard motor cruiser operated by her decedent, in which plaintiff was a passenger, collided with the steel rails of an abandoned loading dock within said waters. This cause is presently before the Court on defendant's motion for summary judgment.

Plaintiff brought this action under the Federal Tort Claims Act, 28 U.S. C. § 2671 et seq., and under 28 U.S.C. § 1346(b), alleging that defendant, acting through the Secretary of the Army and the Army Corps of Engineers, was negligent in failing to protect the navigability of said waters and in failing to remove the obstruction therein or to otherwise warn decedent of its presence. Defendant has moved for summary judgment on the ground that sole jurisdiction is in admiralty under the Suits in Admiralty Act, 46 U.S.C. § 741 et seq., as amended. The motion originally contained a second

ground in which defendant denied ownership of the obstruction, but a factual conflict having developed, this ground will not here be considered. There is no genuine issue as to any material fact and the case is in proper posture for summary judgment.

█ It is fundamental that the United States may only be sued in instances in which Congress has waived the sovereign immunity, and the Federal Tort Claims Act is an instance of such waiver. Section 2680, Title 28 U.S.C. provides, however:

"The provisions of this chapter and section 1346(b) of this title shall not apply to * * *

"(d) Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States."

Section 742 of Title 46, provides in part that:

"In cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, *or if a private person or property were involved,*[1] a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States * * *." (Emphasis supplied).

██ The law is well settled that for the purpose of determining admiralty jurisdiction the place where the tort occurred is controlling. Smith v. Lampe,

64 F.2d 201 (6th Cir. 1933); Mings v. United States, 222 F.Supp. 996 (S.D.Cal. C.D.1963); Beeler v. United States, 224 F.Supp. 973 (W.D.Pa.1964); Weinstein v. Eastern Airlines, Inc., 316 F.2d 758 (3rd Cir. 1963), cert. denied 375 U.S. 940, 84 S.Ct. 343, 11 L.Ed.2d 271; 2 C.J. S. Admiralty. § 59, p. 114. "If the tort occurred on navigable waters, the claim is one that lies within the jurisdiction of admiralty; nothing more is required." Weinstein v. Eastern Airlines, Inc., supra, 316 F.2d at 761.

█ It is established by the complaint that the accident occurred within and upon the navigable waters of the Ohio River. Further, there can be no doubt but that an action could be maintained by plaintiff if a private person were involved. Therefore, it is here concluded that this action is one properly cognizable in admiralty and that it cannot be maintained under the Federal Tort Claims Act.

█ It has been held that filing an action on the civil side of the court rather than the admiralty side is jurisdictional rather than procedural. Beeler v. United States, supra. This proposition is thoroughly discussed and resolved in Beeler, 224 F.Supp. at pages 975–976 and the Court is in agreement with the conclusion reached therein.[2]

It is accordingly here determined that defendant's motion for summary judgment should be sustained, and an entry sustaining the motion and entering judgment for the defendant may be presented.

---

1. This language was added to the Act by a 1960 amendment. The authorities submitted by plaintiff to the effect that the action herein may properly be brought under the Federal Tort Claims Act were decided prior to 1960, at a time when a remedy for certain maritime torts did exist under the Tort Claims Act, and are not felt to be otherwise applicable here.

2. But cf. Mings v. United States, supra, where plaintiff was permitted to transfer the case to the admiralty side when the case arose under defendant's motion to dismiss.