**FARMERS STATE BANK OF BROOK-
SHIRE, Appellant,**

v.

**J. T. LEWELLEN, d/b/a Lew's Diesel Marine
Services, Appellee.**

No. 241.

Court of Civil Appeals of Texas.

Tyler.

Dec. 8, 1966.

James E. Ross, Blades, Crain, Slator, Winters & Ross, Houston, for appellant.

Robert C. Davee, Eastham, Watson, Dale & Forney, Houston, for appellee.

MOORE, Justice.

This is an appeal from a Summary Judgment. Plaintiff, Farmers State Bank of Brookshire, hereinafter referred to as "plaintiff bank," brought suit for damages against defendant, J. T. Lewellen, d/b/a Lew's Diesel Marine Services, hereinafter referred to as "defendant Lewellen."

Plaintiff bank alleged that prior to October 3, 1963, it was the holder of a promissory note executed by the owners of a documented fishing vessel known as Miss Telen; that said note was secured by a First Preferred Ship Mortgage covering the vessel. Plaintiff bank further alleged that a third party had filed an *in rem* proceeding against the Miss Telen in the United States District Court seeking foreclosure of a maritime lien; that pursuant to a writ issued by said court, the United States Marshal had arrested the Miss Telen and had placed her in the "care, custody and control" of the defendant Lewellen for safekeeping, pending further orders of the court. Plaintiff bank further alleged that while moored at defendant Lewellen's boat dock, a fire occurred on board the Miss Telen, severely damaging the vessel; that the fire damage was proximately caused by defendant Lewellen's negligence and as a result, plaintiff bank's security value in the vessel was de-

creased, thus causing the bank to suffer damages.

Defendant Lewellen answered the petition with a general denial and also excepted to the plaintiff's petition on the ground that the petition did not state whether plaintiff was seeking a recovery from defendant in his official capacity as an agent or employee of the United States Marshal, or solely in defendant's individual capacity. Plaintiff bank declined to amend.

Defendant Lewellen then filed an unsworn motion for Summary Judgment. In his unsworn motion, defendant Lewellen asserted that he was not liable to the plaintiff bank because plaintiff's petition shows on its face that at the time of the fire he was acting in his official capacity as an agent or employee of the United States Marshal and as a result, plaintiff's cause of action was against the United States. Therefore, he alleged that the trial court was without jurisdiction, asserting that plaintiff's exclusive remedy was against the United States on the Admiralty side of the docket in the United States District Court under the Suits in Admiralty Act, 46 U.S.C.A. Sec. 741–752.

After a hearing the trial court entered an order granting defendant Lewellen's motion for Summary Judgment, reciting as follows:

" * * * the court finding that the Plaintiff asserts a cause of action against the Defendant for alleged acts or omission done or not done in the cause and scope of the Defendant's official duties as agent or deputy of the United States Marshal, as official custodian of the vessel MISS TELEN for said Marshal, such vessel being at the material time in the official custody of the United States District Court for the Southern District of Texas by virtue of a writ issued by such Court; and this Court further finding that suit cannot lawfully be maintained against the Defendant in his individual capacity for acts and/or omissions in the course of his duty, and

that the exclusive jurisdiction of the cause of action asserted in the Plaintiff's Petition is under The Suits in Admiralty Act, 46 U.S.C.A., Sec. 741, et seq., and that the United States District Court has exclusive jurisdiction of such suits, and that this Court has no jurisdiction over such cause of action; it is therefore

"ORDERED, ADJUDGED and DE-CREED that the Defendant's Motion for Summary Judgment be and the same is hereby in all things granted and that Plaintiff's Petition and the cause of action asserted herein be, and the same are hereby dismissed, * * * "

Plaintiff bank excepted to the ruling of the court and has perfected this appeal.

Plaintiff bank contends that since defendant's motion for Summary Judgment was not under oath, the pleadings alone are sufficient to create a fact issue upon the question of whether or not Lewellen was an agent or employee of the United States Marshal and therefore the court erred in dismissing his suit. Lewellen, on the other hand, contends that since plaintiff's petition shows on its face that he, Lewellen, was acting in his official capacity as an agent or employee of the United States, the lower court was without jurisdiction. Therefore, he asserts that it was not necessary that his motion for Summary Judgment be under oath.

■ Section 742 of the Suits in Admiralty Act, supra, reads as follows:

"In cases where if such a vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty *could be* maintained, any appropriate nonjury proceeding *in personam* may be brought *against the United States* or against any corporation mentioned in the section 741 of this title. Such suits shall be brought in the district court of the United States for the district in which the parties so

suing, or any of them, reside * * *." (Emphasis supplied).

Section 745 of the Act provides:

" * * * where a remedy is provided by this chapter it shall hereafter be *exclusive of any other action* by reason of the same subject matter *against the agent or employee of the United States* or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim: * * *" (Emphasis supplied).

The parties agree that when damages are sustained by a vessel while in the custody of the United States District Court, a suit for damages can be brought only against the United States and must be brought only in the Federal Courts in Admiralty. Tebbs v. Baker-Whitely Towing Co., et al., D.C., 227 F.Supp. 656.

■ Our rules providing for the Summary Judgment procedure specifically provide that a motion for Summary Judgment may be framed without supporting affidavits. Rule 166–A, Texas Rules of Civil Procedure.

In this connection, McDonald in his work on Texas Civil Practice, at Section 17.26.3 says:

"(i) Where a motion is directed solely to the pleadings, and is not supported by affidavits, depositions, admissions, or other extrinsic evidence, the motion is closely analogous to a special exception challenging the sufficiency of the opponent's pleading as a matter of law. It may challenge the sufficiency of the petition to allege an enforceable claim, or assert that it shows on its face the existence of a defense, or it may urge that the answer fails to state a tenable defense. No supporting or counteraffidavits are necessary on such a motion. If the pleading, when liberally construed, is sufficient in law to show a fact issue, the motion will be overruled. On the other hand, if the pleading on its face conclusively shows that the moving party is entitled to judgment, the motion will be granted. * * *"

Reduced to its simplest language, the pertinent allegations of plaintiff's petition allege that pursuant to process issued out of the United States District Court, the Marshal seized the vessel and placed it in the care, custody and control of defendant Lewellen for safekeeping; that Lewellen accepted the vessel for safekeeping and kept it in his custody until it was seriously damaged by fire; and that the damages to plaintiff's security was proximately caused by the negligence of defendant, his agents, servants and employees in the care, custody, control and safekeeping of the vessel.

■ While the plaintiff's petition did not specifically allege Lewellen was an "agent" or "employee" of the United States, we think it alleges all the facts necessary to show such a relationship. It shows that the United States offered him custody of the vessel for safekeeping and it shows that he accepted it for such purpose, and at the time of the fire, he was engaged in the performance of the duty assigned him by the United States Marshal.

A similar situation was presented in Tebbs v. Baker-Whitely Towing Co., et al., supra, and there the court held that when any person or firm takes actual custody of a vessel for safekeeping from an authorized agent of the Federal Court, such person or firm is, within the contemplation of the Suits in Admiralty Act, deemed to be an agent or an employee of the United States.

Plaintiff's petition having alleged a cause of action lying exclusively in the jurisdiction of the United States District Court sitting in Admiralty, it follows that the lower court was without jurisdiction and the Summary Judgment dismissing the cause was proper.

Judgment of the trial court is affirmed.