**H–10 WATER TAXI COMPANY, Ltd.,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

.No. 21261.

United States Court of Appeals
Ninth Circuit.

June 26, 1967.

Rehearing Denied Aug. 2, 1967.

Allan F. Bullard, San Pedro, Cal., for appellant.

Barefoot Sanders, Asst. Atty. Gen., Alan S. Rosenthal, Howard J. Kashner, Attys., Dept. of Justice, Washington, D. C., William M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., John Meadows, Admiralty & Shipping, Dept. of Justice, San Francisco, Cal., for appellee.

Before BARNES, HAMLEY and ELY, Circuit Judges.

BARNES, Circuit Judge.

This is a case in admiralty. The district court had jurisdiction under 28

U.S.C. § 1333, and we have jurisdiction of the appeal under 28 U.S.C. § 1291.

The USS PLATTE is a public vessel owned by the appellee United States and operated by the Navy. On July 1, 1961 appellee contracted with Craig Shipbuilding Company to repair the PLATTE, the contract requiring, inter alia, that Craig dispose of the garbage from the vessel. Craig subcontracted the garbage removal by engaging appellant H–10 Water Taxi Company, Ltd. On March 7, 1962 Jack Cosgrove, an employee of H–10, was working on H–10's garbage barge receiving garbage from the PLATTE. Due to the alleged negligence of sailors aboard the PLATTE, a steel drum containing garbage fell upon Cosgrove, injuring him.

Cosgrove sued the appellee United States and the appellant H–10 in the district court for personal injuries. He also filed suit in state court against appellant, his employer and owner of the vessel upon which he was working, for maintenance and cure. The latter action was abated pending determination of the action for personal injuries. The action for personal injuries was settled by the entry of a consent judgment of $10,000 against the United States. Cosgrove then revived his state court action for maintenance and cure. Appellant strongly urged that the action was barred by the recovery against the United States, but did not prevail upon this point. Appellant offered appellee United States the opportunity to defend the state court action but was refused. Cosgrove obtained a judgment in the amount of $3,000 on April 16, 1965, which judgment appellant has paid. Appellant expended $2,252.66 in defending the state court action.

Appellant then filed a libel *in personam* against the United States on September 20, 1965 to recover the $3,000 maintenance and cure and $2,252.66 in trial expenses. The district court held that appellant's claim was for indemnity and that there was no right to indemnity absent a contract between appellant and appellee. The district court thereupon dismissed the libel, which prompted this appeal.

■ The United States has in this court for the first time raised the issue of the bar of the statute of limitations. It correctly contends that, although for other litigants the statute of limitations is a defense which can be waived by a failure to initially raise it in the court below, for the United States, with its sovereign power, the defense goes to jurisdiction and cannot be waived. Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633 (1938).

Appellant brought this action under the Public Vessels Liability Act, 46 U.S.C. §§ 781–790. No time limit is specified for such actions, so reference must be made to the Suits in Admiralty Act, 46 U.S.C. § 745, which provides a two-year limit. The negligence of the sailors aboard the PLATTE occurred on March 7, 1962, so the government tells us that an action commenced on September 20, 1965 is not timely.

■ The two-year statute of limitations begins to run when the cause of action arises. 46 U.S.C. § 745. Appellant tells us that its action is one for indemnity, and that under the general rule of indemnity, the cause of action does not arise until the person seeking indemnity has become legally liable to pay the obligation for which he is only secondarily responsible. See California Civil Code § 2778. Appellant might prevail if its claim for indemnity arose from a contract, but it does not.

■■ The obligation of a vessel to provide maintenance and cure to an injured seaman derives from the employment relationship, not the tort itself. Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993 (1938), Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (1932), 1 Benedict, Admiralty § 83 (6th ed. Knauth 1940). The obligation of the vessel begins at the time of the injury, not when a judgment is rendered in a court of law. The obligation is one deriving from the status of the parties,

and is in no way conditioned upon negligence or any express terms of the employment contract. Cortes v. Baltimore Insular Line, supra at 371, 53 S.Ct. 173. This precise obligation is the one which appellant seeks to shift to the government. It arose when the vessel became obligated to provide maintenance and cure to Cosgrove, which was the day on which he suffered the injuries. See United New York Sandy Hook Pilots' Assn. v. United States, 355 F.2d 189 (2d Cir. 1965). We therefore conclude that this action was barred by the statute of limitations, and do not reach the merits of the action.[1]

Affirmed.

---

1. We note that appellant might have proceeded differently. In the case before us, Cosgrove's action for maintenance and cure was brought within two years from the date of the accident. Being in admiralty, appellant could have sought federal jurisdiction (28 U.S.C. § 1333) by removing the action from the state court (28 U.S.C. § 1441(a)). Then under 46 U.S.C. § 781 appellant could have impleaded the United States.