**T. J. FALGOUT BOATS, INC., et al.,**
**Plaintiffs,**

v.

**UNITED STATES of America et al.,**
**Defendants.**

**Civ. No. 70–1896–ALS.**

United States District Court,
C. D. California.

Sept. 15, 1972.

Findings of Fact and Conclusions of Law
Dec. 26, 1972.

Heily, Blase, Ellison & Muegenburg by Frederick T. Muegenburg, Jr., Oxnard, Cal., for plaintiffs.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Div., Clarke A. Knicely, Asst. U. S. Atty., John A. Meadows, Atty. in Charge, West Coast Office of Admiralty & Shipping Dept., U. S. Dept. of Justice, Paul Gary Sterling, Atty., West Coast Office of Admiralty & Shipping Dept. of the U. S. Dept. of Justice, for defendants.

## ORDER

STEPHENS, Chief Judge.

The above entitled and numbered cause came on regularly for trial on August 28, 1972. The Court has considered all pleadings and documents filed herein. The parties have submitted the case on an Agreed Statement of Facts. Having been fully advised, the Court makes the following order:

The Court finds that plaintiffs' vessel, the M/S Pacific Seal, was operating in navigable waters off the coast of California at the time it was struck by a Sidewinder missile released from a United States Navy airplane on August 12, 1968.

The Suits in Admiralty Act, at 46 U. S.C. § 742, states in part:

"In cases where if such vessel were privately owned or operated . . . or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States . . ."

This language places the jurisdiction of the Suits in Admiralty Act over all maritime torts alleged against the United States. "The Suits in Admiralty Act vests exclusive jurisdiction in the district courts when the suit is of a maritime nature." Amell v. United States, 384 U.S. 158, 159, 86 S.Ct. 1384, 1385, 16 L.Ed.2d 445 (1966). The Court finds that the underlying cause of action is primarily "of a maritime nature" and should be considered a proceeding in admiralty. Therefore, exclusive jurisdiction over the cause is vested in the United States District Court pursuant to the Suits in Admiralty Act. *Id.*

The plaintiffs have filed this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), over two years after the cause of action arose, arguing that the negligence of the Navy pilot has no relationship to maritime service, navigation or commerce. The Court disagrees. This lawsuit should have been filed under the Suits in Admiralty Act.

The Suits in Admiralty Act further provides:

"Suits as authorized by this chapter may be brought only within two years after the cause of action arises . . ." 46 U.S.C. § 745

The plaintiffs are therefore required to file the complaint within two years of August 12, 1968. "The two-year statute of limitations begins to run when the cause of action arises." H–10 Water Taxi Co. v. United States, 379 F.2d 963,

964 (9th Cir. 1967). The complaint shows on its face that the incident occurred on August 12, 1968. But the complaint wasn't filed until August 24, 1970, more than two years later.

The raising of the bar of the statute of limitations by a failure to commence the action within two years goes to jurisdiction and can't be tolled or waived. *Id.*; States Marine Corp. of Delaware v. United States, 283 F.2d 776, 778 (2d Cir. 1960). Therefore, the statute of limitations bars the plaintiffs' suit.

It is unfortunate that the suit is so barred. But, "[s]uch unfortunate results will probably occur so long as there are statutes of limitations. However, statutes of limitations exist to protect other important interests which must also be accommodated." Martin v. Grace Line, Inc., 322 F.Supp. 395, 397 (E.D.Cal.1970).

Therefore, the Court must order judgment for the defendants and it is so ordered. The defendants are directed to prepare a Judgment and proposed Findings of Fact and Conclusions of Law not inconsistent with this order which should be lodged within 21 days after receipt of this order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above entitled and numbered cause came on regularly for trial on August 28, 1972. The Court has considered all pleadings and documents filed herein. The parties have submitted the case on an agreed statement of facts as outlined below. Having been fully advised, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. This action was commenced by the plaintiffs on August 24, 1970, under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for damages caused to its ship, the M/S Pacific Seal.

2. The plaintiff T. J. Falgout Boats, Inc. is a corporation located at Galveston, Texas.

3. The plaintiff Insurance Company of North America is a corporation with its principal place of business located at Houston, Texas; and is doing business at 374 Poli Street, Ventura, California, within the jurisdiction of this Court.

4. The defendant The Department of the Navy is an agency of the defendant United States of America.

5. The parties herein have submitted to the Court on June 15, 1972, an Agreed Statement of Facts which substantially recites the following:

a. On August 12, 1968, a ship, the Pacific Seal, a 299 gross tons ship owned by Falgout Boats, Inc., operating in navigable waters off the coast of California, was struck by a Sidewinder missile, which was released from a United States Navy airplane.

b. The circumstances of the incident are not fully known since the airplane crashed on this mission and the pilot was killed.

c. The United States of America offered no evidence to contest plaintiffs' allegations of negligence.

d. The final accepted joint survey made and signed by the U. S. Salvage Association surveyor, R. S. Ritchie, representing the United States Navy, and Sidney G. Barnett, surveyor for the Insurance Company of North America and Falgout Boats, Inc., accepted repair damages in the total sum of $7,743.59 as due to the damage caused by the missile.

e. The above amount is exclusive of the miscellaneous damage items accepted by the Navy surveyor as $770.00. The total damages are therefore agreed to be $8,513.59.

f. The Complaint was served upon the United States Attorney, Central District of California, on May 4, 1971, and upon the Attorney General on May 6, 1971.

g. Exhibits "A" through "J" constitute the correspondence between the parties prior to the filing of the Complaint concerning the incident and subsequent repairs. See the Agreed Statement of Facts filed June 15, 1972, and the Addi-

tion to the Agreed Statement of Facts Proposed by Plaintiffs, filed August 23, 1972.

The United States of America has not denied any of the allegations concerning the circumstances of the accident as described above and has not denied the allegations of negligence. Therefore, the Court finds that the plaintiff's vessel, M/S Pacific Seal, was on August 12, 1968, struck by a Sidewinder missile negligently released from a Navy airplane while said vessel was operating in navigable waters off the coast of California. The Court further finds all of the facts discussed above which were recited by the parties in the Agreed Statement of Facts filed June 15, 1972, to be true.

6. Counsel have stipulated in open court on August 28, 1972, concerning the Addition to the Agreed Statement of Facts, as follows:

"MR. MUEGENBURG: . . . I think Mr. Sterling suggested, in the document he filed [Defendant's Reply Memorandum filed August 23, 1972], to the Court last week that he would be prepared and I would agree that any statements that are in any way contested or not admitted or agreed to by the Naval Claims Officer, Mr. Marsh, that are set forth in Mr. Marsh's Affidavit could be admitted as evidence and that the statements contained in my proposed Addition to the Agreed Statement of Facts could be considered my—in the form of an affidavit and all other matters would be deemed as facts as set forth in that Addition to the Agreed Statement of Facts.

"THE COURT: Is it so stipulated then?

"MR. STERLING: Yes, it is so stipulated."

The only conflict in the facts concerns the contents of a telephone conversation of January 8, 1971, between plaintiffs' counsel and the government claims officer, Mr. Marsh. The conversation concerned the possibility of administrative settlement of the claim even though the complaint had been filed. This conversation is material only regarding the cause of action under the Federal Tort Claims Act. As hereinafter appears, no action under the Federal Tort Claims Act lies. Therefore, the conflict in the evidence is immaterial.

7. The defendants have affirmatively defended on the ground that the complaint involves a "maritime tort" and therefore the sole remedy falls under the Suits in Admiralty Act, 46 U.S.C. §§ 741–752. The defendants further affirmatively allege that inasmuch as plaintiffs' Complaint was not filed within two years after the incident in controversy, the claim is barred by the two-year statute of limitations of the Suits in Admiralty Act, 46 U.S.C. § 745.

8. Any Finding of Fact deemed to be contained in the Conclusions of Law is included herein by reference.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the instant cause of action pursuant to the Suits in Admiralty Act, 46 U.S.C. §§ 741–752.

The Act, at section 742, provides in part:

"In cases where if such vessel were privately owned or operated . . . or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States . . . ."

The words "or if a private person or property were involved" were added by an amendment to section 742 enacted in 1960, Pub.L. 86–770, 74 Stat. 912, § 3, September 13, 1960. The amendment:

"restates in brief and simple language the now existing exclusive jurisdiction conferred on the district courts, both on their admiralty and law sides, over cases against the United States which could be sued on in admiralty if private vessels, persons, or property were involved." S.Rep.No.1894, 86th Cong.

2d Sess., p. 2, U.S.Code Cong. & Admin.News, p. 3583.

The purpose of the 1960 amendment was to bring all maritime claims against the United States into the admiralty jurisdiction of the district court. Ira S. Bushey & Sons, Inc. v. United States, 398 F.2d 167 (2d Cir. 1968); Beeler v. United States, 256 F.Supp. 771 (W.D. Pa.1966). "The Suits in Admiralty Act vests exclusive jurisdiction in the district courts when the suit is of a maritime nature." Amell v. United States, 384 U.S. 158, 159, 86 S.Ct. 1384, 16 L. Ed.2d 445 (1966).

■ The Court found as a Finding of Fact that the accident in controversy occurred while the M/S Pacific Seal was in navigable waters off the coast of California, *supra*. The underlying cause of action is primarily "of a maritime nature" and should be considered as a proceeding in admiralty. Therefore, jurisdiction over this cause of action is in the United States District Court under the Suits in Admiralty Act. Beeler v. United States, 224 F.Supp. 973 (W.D.Pa. 1964), rev'd on other grds., 338 F.2d 687 (3rd Cir. 1964).

■ 2. The Suits in Admiralty Act constitutes the exclusive remedy available to a litigant injured by a maritime tort.

The Federal Tort Claims Act, 28 U.S. C. at section 2680(d), specifically exempts from its jurisdiction any suit for which a remedy is provided under the Suits in Admiralty Act, 46 U.S.C. §§ 741–752. 28 U.S.C. § 2680 provides in part:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

.    .    .    .    .    .

(d) Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States."

The Court has concluded herein that a remedy could be afforded the plaintiff under the Suits in Admiralty Act, 46 U. S.C. §§ 741–752. Therefore, there can be no jurisdiction in this court under the Federal Tort Claims Act to hear the instant cause of action. 28 U.S.C. § 2680(d); Utzinger v. United States, 246 F.Supp. 1022 (S.D.Ohio 1965); Tank-rederiet Gefien A/S v. United States, 241 F.Supp. 83 (E.D.Mich.1964); Tebbs v. Baker-Whitely Towing Co., 227 F. Supp. 656 (D.Md.1964). *Also see* De Bardeleben Marine Corp. v. United States, 451 F.2d 140 (5th Cir. 1971); Ira S. Bushey & Sons, Inc. v. United States, 398 F.2d 167 (2d Cir. 1968).

■ 3. The Suits in Admiralty Act further provides:

"Suits as authorized by this chapter may be brought only within two years after the cause of action arises .    .    .    . " 46 U.S.C. § 745.

The plaintiffs in this case were therefore required to file the complaint within two years of the date of the incident, August 12, 1968. "The two-year statute of limitations begins to run when the cause of action arises." H–10 Water Taxi Co. v. United States, 379 F.2d 963, 964 (9th Cir. 1967). The complaint shows on its face that it was not filed until August 24, 1970, more than two years after the incident.

■ 4. The bar of the statute of limitations of the Suits in Admiralty Act goes to jurisdiction and cannot be tolled or waived. *Id.;* States Marine Corp. of Delaware v. United States, 283 F.2d 776, 778 (2d Cir. 1960). Therefore, the plaintiffs' claim herein is barred by the two-year statute of limitations of the Suits in Admiralty Act, 26 U.S.C. § 745.

5. Any Conclusion of Law deemed to be contained in the Findings of Fact is included herein by reference.

6. The complaint should be dismissed as against each defendant.