**Clarence J. KUHN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. CV81–0465–TJH(JRx).**

United States District Court, C. D. California.

June 15, 1982.

Albert Cary Plotkins, Isaac & Marks, Beverly Hills, Cal., for plaintiff.

Jack P. Caolo, U. S. Dept. of Energy, Washington, D. C., for defendant U. S. A.

HATTER, District Judge.

This is a personal injury action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, brought by plaintiff Clarence J. Kuhn. The Complaint alleges that Mr. Kuhn was "exposed to extremely high and dangerous levels of radiation on repeated occasions"[1] while "employed by Holmes and Narver, Incorporated, an engineering and construction company."[2] These alleged exposures to radiation occurred when Mr. Kuhn was stationed on a

1. Complaint, Count III, Paragraph 10.

2. Complaint, Count II, Paragraph 6(b).

ship" in the Bikini and Enewetak Atolls" [3] from 1955 to 1961 during a time of atmospheric nuclear testing. The Complaint alleges that these exposures occurred both while Mr. Kuhn was on board ship [4] and while he was recreating on the islands. [5]

Defendant United States filed a Motion For Judgment On The Pleadings Or, In The Alternative, For Summary Judgment raising three arguments. First, 28 U.S.C. § 2680(k), the foreign country exception, bars this suit. Second, 28 U.S.C. § 2680(d), the suits in admiralty exception, bars this suit. Third, 28 U.S.C. § 2675(a), the administrative claim requirement, bars this suit. These points were briefed by both sides and oral argument was held on May 24, 1982.

This Court need not address the third argument [6] since on the facts of this case as set forth in the pleadings 28 U.S.C. § 2680(k) is clearly applicable and § 2680(d) may be applicable if the claim is in admiralty. Mr. Kuhn alleges that his exposures to radiation occurred in and around Bikini and Enewetak Atolls. These islands are part of the Marshall Islands located in the Pacific Ocean approximately 3,000 miles southwest of the nearest part of the United States, the State of Hawaii. Mr. Kuhn was either on these islands or on board a ship in their immediate locale at the time of his alleged exposures to radiation. He does not claim to have observed these tests from Hawaii.

■ If Mr. Kuhn was exposed to radiation while he was on any of the Marshall Islands his claim is barred by 28 U.S.C. § 2680(k) which provides that the Federal Tort Claims Act shall not apply to "any claim arising in a foreign country."

■ The Marshall Islands are administered by the United States pursuant to a trust agreement with the United Nations. *Trusteeship Agreement for the Former Japanese Mandated Islands,* April 2—July 18,

1947, United States—United Nations, 61 Stat. 3301; *See also, People of Enewetak v. Laird,* 353 F.Supp. 811, 813 (D.Hawaii 1973). As stated in *People of Enewetak v. Laird, supra,* the Pacific Trust Territory, including the Marshall Islands, is not within the sovereignty of the United States.

In *Callas v. United States,* 253 F.2d 838, 841 (2nd Cir. 1958), the court held that Kwajalein, one of the Marshall Islands and part of the Pacific Trust Territory, was a "foreign country" as that term is used in 28 U.S.C. § 2680(k), even though the United States exercised significant governing authority over the island.

The United States Court of Appeals for the Ninth Circuit has held that a claim arising in Okinawa in October 1948 was excluded from the coverage of the Federal Tort Claims Act even though it was under U. S. military government at the time. *Cobb v. United States,* 191 F.2d 604, 611 (9th Cir. 1951). *Cobb* was later cited with approval in *Meredith v. United States,* 330 F.2d 9 (9th Cir. 1964) and *Roberts v. United States,* 498 F.2d 520, n.2, (9th Cir. 1974). Furthermore, in *McComish v. Commissioner of Internal Revenue,* 580 F.2d 1323, 1331 (9th Cir. 1978), the court approvingly referred to both *Callas v. United States, supra,* and *Brunell v. United States,* 77 F.Supp. 68, 72 (S.D.N.Y.1948) for their analysis of 28 U.S.C. § 2680(k). *Brunell, supra,* held that the island of Saipan in 1945, prior to its inclusion in the Pacific Trust Territory, was a foreign country under 28 U.S.C. 2680(k) even though the United States was in full control of the island after conquering it from Japan. The *Brunell* court proceeded to note that the inclusion of Saipan under the Trusteeship Agreement would not change the status of claims arising there.

The same conclusion was reached in *Burna v. United States,* 240 F.2d 720, 722 (4th

---

3. Complaint, Count II, Paragraph 9.

4. Complaint, Count III, Paragraph 10(b) and (d).

5. Complaint, Count III, Paragraph 10(e).

6. It is noted that plaintiff relies heavily on *Adams v. United States,* 615 F.2d 284 (5th Cir. 1980). However, such reliance is misplaced since the *Adams* rationale is not accepted in the Ninth Circuit. *Bright v. U. S.,* 665 F.2d 1051 (9th Cir. 1981).

Cir. 1957) with respect to a claim which arose in Okinawa while that island was in the possession of the United States under a treaty with Japan.

Obviously, insofar as Mr. Kuhn suffered an exposure to radiation on any one of the Marshall Islands his claim is one "arising in a foreign country" and therefore is barred by 28 U.S.C. § 2680(k).

If, on the other hand, Mr. Kuhn was exposed to radiation while on board ship somewhere in the vicinity of the Marshall Islands his claim, under the FTCA, may also be barred by 28 U.S.C. § 2680(d) which provides that the Federal Tort Claims Act shall not apply to "Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States."[7] This Circuit recognizes that admiralty claims cannot be pursued under the Federal Tort Claims Act. *Thomason v. United States*, 184 F.2d 105 (9th Cir. 1950); *T. J. Falgout Boats, Inc. v. United States*, 361 F.Supp. 838 (C.D.Calif.1972), *aff'd*, 508 F.2d 855 (9th Cir. 1974), *cert. denied*, 421 U.S. 1000, 95 S.Ct. 2398, 44 L.Ed.2d 667 (1975).

Consequently, the facts as alleged in the Complaint place this case squarely within the foreign claims exception to the Federal Tort Claims Act and this Court so holds. As such, subject matter jurisdiction over the action is lacking and Defendant United States' Motion to Dismiss is hereby granted.

---

**7.** This Court is not hereby holding that Mr. Kuhn has stated a claim in admiralty. If plaintiff wishes to file an admiralty action he may do so and whether or not he has a claim in admiralty will be decided at that time.