312

## BALBOA SHIPPING CO., Inc., v. STANDARD FRUIT & STEAMSHIP CO. et al.

United States District Court
S. D. New York.

July 6, 1949.

Burlingham, Veeder, Clark & Hupper, New York City (Eugene Underwood,

Hervey C. Allen, Jr., of counsel), New York City, for libelant.

John F. X. McGohey, United States Attorney, New York City, Alfred T. Cluff, Special Assistant to the United States Attorney General, for respondent United States of America.

RIFKIND, District Judge.

The second amended libel filed on July 30th, 1945, asserted a claim for the stranding of the Maravi on October 12, 1942. It alleged: ·

"The stranding aforesaid and the consequent damage were not due to any fault or neglect on the part of the libellant, the Maravi, or those in charge of her but were due solely to the fault and negligence of the Gatun and the respondent's servants in charge of her * * *".

Libellant has made this motion for leave to file a third amended libel which proposes the following allegation:

"The ·stranding aforesaid and the consequent damage were not due to any fault or neglect on the part of libellant, the Maravi, or those in charge of her but were due solely to the fault and negligence of the Gatun, the Roanoke and the escort vessels, and respondent's servants in charge of them * * *".

The Gatun is alleged in both the second amended libel and in the proposed amendment to be a merchant vessel of the United States. The proposed amendment alleges facts which mean that the Roanoke and her escorts were public vessels of the United States.

The relevant statutes give the consent of the United States to be sued for damages caused by a public vessel of the United States provided suit is brought within two years after the cause of action arises. 46 U.S.C.A. §§ 745, 782.

Neither § 742 nor § 781 of Title 46 reads like a general consent on the part of the United States to be sued. The Suits in Admiralty Act is limited to cases where a proceeding in admiralty could be maintained "if *such* vessel were privately owned or operated, or if *such* cargo were privately owned and possessed". § 742.

The Public Vessels Act is limited to claims "for damages caused by a public vessel". § 781.

■ It strains the language and I think it also strains the purpose of the statutes to read them, as libellant would read them, as authorizing suit against the United States without reference to a specific vessel. See Ryan Stevedoring Co., Inc. v. United States, 2 Cir., 1949, 175 F.2d 490. Only by so reading the statute could justification be found for the contention that the proposed amendment does not assert a new claim which is barred by the statutory time limitation. Cf. Esso Standard Oil Company v. United States et al., 2 Cir., 1949, 174 F.2d 182.

■ Nor can the claim be asserted under the Federal Tort Claims Act, 60 Stat. 842, 61 Stat. 722, 28 U.S.C.A. §§ 1346(b), 2674, which applies only to claims accruing on and after January 1, 1945. The motion is denied.