**ISTHMIAN STEAMSHIP COMPANY,**
Libelant-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

**STATES MARINE CORPORATION,**
Libelant-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 265, Docket 27045.

United States Court of Appeals
Second Circuit.

Argued March 26, 1962.

Decided April 30, 1962.

E. L. Smith of Kirlin, Campbell & Keating, New York City, for libelants-appellants.

William H. Postner, Atty., Admiralty & Shipping Section, Dept. of Justice (William H. Orrick, Jr., Asst. Atty. Gen., Robert M. Morgenthau, U. S. Atty., Morton S. Hollander, Chief, Appellate Section, Civil Div., Dept. of Justice, Louis E. Greco, Atty. in Charge, New York Office, Admiralty & Shipping Section, Dept. of Justice, and Philip A. Berns, Atty., Dept. of Justice, on the brief), for respondent-appellee.

Before MEDINA, SMITH and HAYS, Circuit Judges.

PER CURIAM.

Two ocean carriers appeal from dismissal by the District Court for the Southern District of New York, Sylvester J. Ryan, Chief Judge, of admiralty actions on claims against the United States for ocean freight and pier demurrage. We hold that the claims were properly held time-barred and affirm the judgment.

Timely libels were filed on certain freight and demurrage claims, on which recovery was eventually had. While the actions were pending, amended libels were filed adding claims on deliveries made and demurrage earned more than two years prior to the amendments. These claims were dismissed as untimely. Because the Government, after each of these claims had accrued, made entries on its books and notified libelants of offsets of cargo damage and shortage claims incurred on other voyages, a practice later held invalid in United States v. Isthmian Steamship Co., 359 U.S. 314, 79 S.Ct. 857, 3 L.Ed.2d 845 (1959) libelants contend that these claims are not time-barred. We disagree. The amended libels cannot relate back to the dates of the original libels, since the claims are based on completely distinct freight and demurrage charges arising out of different and independent shipments on other vessels or voyages. The two year period of limitations under the Suits in Admiralty Act is a jurisdictional limitation and cannot be waived. American Foreign SS Co. v. United States, 291 F.2d 598, 603 (2 Cir. 1961), cert. denied 368 U.S. 895, 82 S.Ct. 171, 7 L.Ed.2d 92, States Marine Corp. v. United States, 283 F.2d 776 (2 Cir. 1960), Sgambati v. United States, 172 F.2d 297 (2 Cir. 1949), Osbourne v.

United States, 164 F.2d 767 (2 Cir. 1947). Moreover, an officer of the Government cannot waive its rights without express authority, here absent. See Huntington Steel Corp. v. United States, 153 F.Supp. 920, 923 (S.D.N.Y.1957). In any case, there is no evidence of any intent on the part of the Comptroller-General to revive the barred claims.

Affirmed.