**NORTHERN METAL CO., Libellant,**

v.

**UNITED STATES of America,
Respondent.**

**No. 613/63.**

United States District Court
E. D. Pennsylvania.
May 7, 1964.

Allen van Emmerik, Dept. of Justice, Washington, D. C., Drew J. T. O'Keefe, U. S. Atty., Joseph R. Ritchie, Jr., Asst. U. S. Atty., Philadelphia, Pa., for respondent.

John B. Brumbelow, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for libellant.

KIRKPATRICK, District Judge.

■ In this action, brought under the Suits in Admiralty Act, the libellant seeks to recover from the United States the sum of $530.96 deducted by the respondent from the amount of an invoice dated November 24, 1961, for stevedoring services. The basis for the withholding was an alleged overcharge on a prior and unconnected contract which had been paid by the respondent. The deduction was made on November 30, 1961. The libellant appealed to the Armed Services Board of Contract Appeals and his administrative remedy was terminated by the denial of his appeal in July 1963. He brought this suit on November 27, 1963, three days after the two-year period from the date of the invoice had expired and three days prior to the expiration of a two-year period from the date of the deduction by the Government.

This motion for summary judgment was filed by the respondent asserting that the cause of action could not have accrued later than the date of the invoice, November 24, 1961, and that it is, therefore, barred by the two-year period for the bringing of suits under the Suits in Admiralty Act. This question has been before the courts and was squarely ruled upon in favor of the respondent and against the libellant's contention in Isthmian Steamship Company v. United States, 2 Cir., 302 F.2d 69. Universally, it is the rule that the statute of limitation begins to run when the debt accrues and not at the time that the creditor becomes aware that the debtor is not going to pay.

■■ The courts have also decided that the limitation of the Suits in Admiralty Act marks the extinction of the right and that the time consumed in exhausting administrative remedies does not extend it. States Marine Corp. of Delaware v. United States, 2 Cir., 283 F.2d 776.

The motion of the respondent for summary judgment against the libellant is granted.