**SOUTHERN PACIFIC COMPANY,**
**Plaintiff,**

v.

**UNITED STATES of America and Southwestern Towing & Shell Co., in personam, and the MIKE ANN, in rem, Defendants.**

**Civ. A. No. 67–H–717.**

United States District Court
S. D. Texas,
Houston Division.

Feb. 14, 1968.

Joseph D. Cheavens, Baker, Botts, Shepherd & Coates, Houston, Tex., for plaintiff.

Morton L. Susman, U. S. Atty., and Jack Shepherd, Asst. U. S. Atty., Hall Baetz, Dept. of Justice, for defendant.

ORDER

SEALS, District Judge.

This suit was filed on September 20, 1967, by Southern Pacific Company against the MIKE ANN and its owner Southwestern Towing & Shell Company, for alleged damages to the pilings and fender system of the railroad bridge between Seabrook and Kemah, Texas, on or about September 21, 1965. The United States was also made a party to the action for damages to the pilings and fender system caused prior to September 21, 1965, by the RETRIEVER, owned and operated by the National Aeronautics and Space Administration.

Defendant United States of America has made a motion for summary judgment supported by the affidavit of the master of the RETRIEVER and the ship's log, contending that this action was not brought within two years after the cause of action arose as required by 46 U.S.C. § 745. Plaintiff replies that the cause of action arose not on the date of the damage to the bridge (sometime prior to September 21, 1965), but on the date when the plaintiff, in the exercise of due diligence, discovered that a collision had occurred and that damages had been inflicted (September 28, 1965).

In McMahon v. United States the Supreme Court reasoned, "* * * it [is] clear that the proper construction of the language used in the Suits in Admiralty Act is that the period of limitation is to be computed from the date of the injury." 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951). The Court held that petitioner, a seaman in the employ of the United States, was barred from recovery by the statute as his claim arose at the time of the injury even though he was prevented from bringing suit until he had exhausted administrative remedies pursuant to 50 U.S.C. App. § 1291 (a).

The general rule in tort law is that a cause of action accrues when actual damage is done and the period of limitation runs from that time. Houston Water Works v. Kennedy, 70 Tex. 233, 8 S.W. 36 (1888); 54 C.J.S. Limitations of Actions §§ 168, 205 (1948). Even in the limited area of medical malpractice cases, the cause of action arises when the damage *actually* occurs, not when plaintiff becomes aware of the injury. Gaddis v. Smith, 417 S.W.2d 577 (Tex.1967).

Finally, it is most important to note "* * * that statutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign." 342 U.S. at 27, 72 S.Ct. at 19 (1951) and cases cited therein.

Unlike other actions the limitation of the Suits in Admiralty Act marks the extinction of the right, leaving this Court without jurisdiction over the United States. Isthmian Steamship Company v. United States, 302 F.2d 69 (2d Cir. 1962).

As it is evident from the uncontroverted affidavit of the master of the RETRIEVER and the ship's log that injury to the fender system and pilings must have occurred prior to September 20, 1965, it is ordered, adjudged and decreed that the United States be dismissed as a party in this action.

The Clerk will notify counsel of record.