**METADURE CORPORATION and Lawrence Brinster, Plaintiffs,**

v.

**UNITED STATES of America, United States Department of Defense, United States Defense Logistics Agency, United States Defense Contract Administration Services Region, Defense Contract Audit Agency, Carl Heringer, Gregory Ronan, Joseph Marcotullio, Walter Adamik, Michael Crispi and Paul E. Stambaugh, Defendants.**

No. 80 CV 3025 (ERN).

United States District Court,
E.D. New York.

Sept. 1, 1983.

Michael A. Richman, New York City, for plaintiffs.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by William B. Peterson, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

Plaintiff Metadure Corporation entered into several contracts with agencies of the United States government. In this action, Metadure and co-plaintiff Brinster seek money damages for certain contract rights they claim were jeopardized by an allegedly illegal search of Metadure's records by government officials and agents. For the reasons that follow, plaintiffs' claims must be dismissed.

The complaint alleged that on or about August 5 and 19, 1980, defendants conducted an audit review of Metadure's claim for equitable adjustment on contract designated number DAAE 07–73–C–0238 ("Contract 0238"). Although the audit scope purportedly specified a review of Metadure's transactions between certain dates, according to the complaint the auditors deliberately examined separate records irrelevant to Contract 0238. On September 25, 1980, defendant Defense Contract Administration Services Region moved before the Armed Services Board of Contract Appeals ("ASBCA") to reconsider claims made under Metadure's federal contract designated number DSA 800–73–C–9212 ("Contract 9212"). Metadure asserted that the ASBCA proceedings resulted from the allegedly illegal search of its records. Citing the fourth and fourteenth amendments to the United States Constitution, Metadure sought compensation for the jeopardized contract rights and for related legal expenses.

Plaintiff Lawrence Brinster and then-plaintiff Samuel Hassine asserted that they were Metadure's sole shareholders and corporate officers, and thus they sought personal damages for the allegedly illegal search. Additionally, they stated that an audit report prepared by defendant Defense Contract Audit Agency contained specified "false, misleading and derogatory statements" about Brinster and Hassine. Claiming that the agency had refused a request to correct these statements, Brinster and Hassine sought damages for this alleged "intentional and willful misconduct." Plaintiff Hassine has since voluntarily discontinued his participation in this action, and has been dismissed without prejudice.

Although the complaint sought only monetary compensation, in April 1981 plaintiffs moved for a preliminary injunction barring review of Contract 9212 by ASBCA. The Second Circuit Court of Appeals affirmed this court's denial of the preliminary injunction, stating:

Although the district court expressed doubt it had subject matter jurisdiction over any part of this lawsuit it did not dismiss the complaint. *The complaint clearly sounds in tort.* Assuming, without deciding, that claims of constitutional tort are cognizable under the Federal Tort Claims Act, 28 U.S.C. § 2680(h), the district court correctly decided that the Act did not empower it to enjoin the United States or its agents in this case.... Furthermore, appellants failed to establish either a likelihood of success or the probability of irreparable harm so as to warrant preliminary injunctive relief.

*Metadure Corp. v. United States,* 81 CV 6082, slip op. at 2 (2d Cir. December 14, 1981) (*per curiam*) (emphasis added; citations omitted).

▮ In the interim, the government moved to dismiss this action, arguing that

its sovereign immunity bars constitutional claims brought against the government and that plaintiffs have not complied with the prerequisites of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* The defendants are the United States, four specified federal agencies, and named attorneys and accountants employed by federal agencies and sued in their official capacity. The individual named defendants were never properly served as individuals, and plaintiffs specifically concede that they intended to sue these individuals in their official capacity alone. Thus this action is brought solely against the United States, directly and through its named agencies and officials, and can be maintained only if a waiver of sovereign immunity is found.

■ The government contends that this action sounds in tort and could be brought exclusively under the FTCA. In response, plaintiffs contend that they assert constitutional deprivation and not tortious conduct, and they cite this court's jurisdiction under 28 U.S.C. §§ 1331 and 1343. Although conferring federal court jurisdiction to redress certain constitutional claims, those provisions do not affect the government's sovereign immunity. *Keene Corp. v. United States,* 700 F.2d 836, 838 n. 3 (2d Cir.1983).

■ Apparently plaintiffs seek to cast their causes of action as based upon the type of constitutional federal tort established in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens,* the Court recognized a cause of action for alleged violations of fourth amendment rights brought against individual federal law enforcement agents. The *Bivens* Court did not and could not establish a cause of action against the United States, however. Only a waiver of sovereign immunity could permit courts to entertain federal constitutional claims against the government itself, and this waiver does not exist. *Keene Corp.,* 700 F.2d at 845, n. 13; *Leonhard v. United States,* 633 F.2d 599, 618 n. 27 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *Norton v. United States,* 581 F.2d 390, 393 (4th Cir.), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 678 (1978);

*see Carlson v. Green,* 446 U.S. 14, 21, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980); *Bivens,* 403 U.S. at 410, 91 S.Ct. at 2011 (Harlan, J., concurring); *Birnbaum v. United States,* 588 F.2d 319, 328 (2d Cir.1978).

■ Therefore, plaintiffs' claims may be considered only under the FTCA. However, § 2675(a) of the FTCA specifically requires:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss or property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . .

The jurisdictional requirements of § 2675(a) must be affirmatively alleged in the pleadings. *Szyka v. United States Secretary of Defense,* 525 F.2d 62, 65 (2d Cir.1975); *Altman v. Connally,* 456 F.2d 1114, 1116 (2d Cir.1972). The complaint not only fails to comply with § 2675(a), it does not even cite the FTCA. Moreover, the record of the preliminary injunction hearing reveals that consideration of Contract 9212 was pending before ASBCA when this action commenced, and that the specific issue of the legality of the search had been raised in those proceedings. No allegation has ever been made, however, that plaintiffs obtained a final determination by ASBCA. In fact, the cause of action asserting fourth amendment violations itself appears to have been conceived as an attempted end-run around requisite administrative review and appeals procedures. Accordingly, the causes of action based upon the allegedly illegal search must be dismissed for failure to exhaust administrative remedies.

■ Finally, plaintiffs did assert that they presented a request to the Defense Contract Audit Agency to correct allegedly inaccurate statements contained in an audit memorandum concerning Brinster and Hassine, and that the request was denied. By

declaration, defendant Carl S. Heringer stated that he made a search for a request to the agency defendants for expungement or correction of agency records under 5 U.S.C. § 552a. The records contained only a memorandum prepared by defendant Paul E. Stambaugh describing a telephone complaint from Hassine, and stating that Hassine was instructed to submit his complaints in writing. Plaintiffs have neither contradicted this declaration nor alleged a specific pursuit of administrative relief. Although the declaration constitutes information outside the pleadings, it can be considered in deciding whether defendants are entitled to summary judgment. F.R.Civ.P., Rules 12(c) and 56. Plaintiffs clearly have not shown exhaustion of administrative remedies as required by FTCA, 28 U.S.C. § 2671, or by the Privacy Act, 5 U.S.C. § 552a, and thus defendants are entitled to summary judgment on this claim. *See Metadure Corp. v. United States,* 490 F.Supp. 1368, 1373–75 (S.D.N.Y.1980).

SO ORDERED.