**Valentin EPSHTEYN and Katerina Epshteyn, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 86 Civ. 5743 (MGC).**

United States District Court, S.D. New York.

March 26, 1987.

Gail Reiner Davis, New York City, for plaintiffs.

Rudolph Giuliani, U.S. Atty., S.D.N.Y., New York City by Harriet L. Goldberg, Asst. U.S. Atty., for defendant.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

Plaintiff's counsel, relying on the erroneous advice of a federal official, filed this

---

[*] Counsel has already received $8,000.00 for work performed at the administrative level.

untimely suit against the United States of America (the "government"). Defendant moves to dismiss for lack of subject matter jurisdiction. Plaintiff argues in opposition that the government should be estopped from invoking the correct statute of limitations to bar this suit. Since plaintiff's opposition is based on undisputed facts that do not appear on the face of the complaint, I treat the government's motion as one for summary judgment. The motion is granted for the reasons discussed below.

BACKGROUND

On March 1, 1984, plaintiff Valentin Epshteyn ("Epshteyn") was a passenger on a boat owned and operated by the National Park Service of the Department of the Interior ("Interior"). While the boat was docked at Ellis Island, New York, Epshteyn sustained injuries when he fell through an open hatch on the deck of the boat.

On June 12, 1984, Epshteyn's counsel, Gail Reiner Davis ("Davis"), submitted on Epshteyn's behalf a standardized administrative agency claim form ("SF") to Interior. Epshteyn sought damages in an unspecified amount. A letter to Davis dated July 31, 1984 and signed by an Interior employee "for" a Regional Solicitor of Interior ("Regional Solicitor"), advised that the SF submitted by Davis was not complete, and that a "completed ... [SF] must be filed for any claim for damages." (Pl. Ex. B). The letter also stated that a particular blank on the SF "must be completed so as to comply with the Federal Tort Claims Act requirement that all claims be submitted as a sum certain." *Id.*

In March 1985, Davis filed on Epshteyn's behalf an amended SF. By letter dated January 29, 1986, the Regional Solicitor denied Epshteyn's claim. In this letter, the Regional Solicitor noted that:

Under the Federal Tort Claims Act, questions of liability are determined by applying the laws of the state in which the accident occurred, here New York.

(Pl. Ex. E). After stating reasons for denying Epshteyn's claims, the letter concluded as follows:

If you wish to contest this determination, you may resubmit the claim to this office within a period of six months from the date of the mailing of this letter with a request that it be reconsidered.... Alternatively, you may consider this a final determination of the Department and may file suit in the appropriate United States District Court within six months of mailing of this letter.

*Id.* The government concedes that the advice in the Regional Solicitor's letter "... while consistent with ... Interior's treatment of Epshteyn's administrative claim pursuant to the FTCA, was erroneous." (Def.Memo. of Law at 3). The government also admits that the "staff persons involved failed to note that [one of the] Admiralty Act[s] is the exclusive remedy against the United States for maritime torts and the plaintiff, therefore, had only approximately one month to file a federal court action." *Id.*

On July 24, 1986, Epshteyn filed suit alleging that defendant is liable to him under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.* ("FTCA"), for the injuries caused by his fall on March 1, 1984. Epshteyn's wife, Mrs. Epshteyn claimed damages for loss of consortium, a claim that had not been submitted for administrative determination. At oral argument, Mrs. Epshteyn's claim was dismissed.

DISCUSSION

■ Although the complaint seeks relief under the FTCA, plaintiff concedes that his claim against the government correctly arises under the Public Vessels Act, 46 U.S.C. § 781 (the "PVA"), which is governed by the statute of limitations provided in 46 U.S.C. § 745, as follows:

Suits as authorized by this chapter may be brought *only within two years* after the cause of action arises....

(Emphasis added). *See Szyka v. United States Secretary of Defense*, 525 F.2d 62, 64 (2d Cir.1975). Under the limitation period of the PVA, if suit is not filed within two years, the claim is extinguished. Because the two-year limitation period of the PVA is jurisdictional, it cannot be waived or tolled. *Szyka, supra,* 525 F.2d 62; *T.J. Falgout Boats, Inc. v. United States,* 508

F.2d 855 (9th Cir.1974), *cert. denied,* 421 U.S. 1000, 95 S.Ct. 2398, 44 L.Ed.2d 667 (1975); *see also States Marine Corp. v. United States,* 283 F.2d 776, 778 (2d Cir. 1960); *Eazor Express, Inc. v. United States of America,* 483 F.Supp. 138, 142 (E.D.N.Y.1980). The Second Circuit has held that the time limitation of 46 U.S.C. § 745 may not be waived by an agent of the government. *Isthmian Steamship Co. v. United States,* 302 F.2d 69 (2d Cir.1962); *see also Hellenic Lines Limited v. United States,* 345 F.Supp. 1385, 1389 (S.D.N.Y. 1972).

Plaintiff argues that the doctrine of estoppel provides an exception to the otherwise rigid time limitation which would normally bar this suit. He urges that the government should be precluded from raising the expired statute of limitations because plaintiff's failure to file within the required time was caused by his counsel's reliance on the erroneous legal advice of government employees.

 The only case cited by plaintiff which presented circumstances similar to those of this case is the second decision of the Fifth Circuit in *McCormick v. United States,* 680 F.2d 345 (5th Cir.1982). In that case, a panel of the Fifth Circuit expressed its disagreement with the position of the Second Circuit that jurisdictional time limitations may not be waived or tolled. The Fifth Circuit did not, however, find that the circumstances were appropriate for estoppel. It merely directed the district court to consider and determine that question. In this case, I am satisfied that the circumstances are not appropriate. It is not reasonable for a private lawyer to rely on the legal error of a government lawyer. There is no suggestion of deliberate misconduct by the government. On the contrary, the Regional Solicitor was simply responding to the application erroneously filed by plaintiff's counsel under the Federal Tort Claims Act, and thereby perpetuating counsel's legal error. The government could not operate if failure of a government employee to correct the mistakes of law of private counsel had the consequences for which plaintiff contends.

It is still the law that "[m]en must turn square corners when they deal with the Government." *Rock Island A & L R.R. Co. v. United States,* 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920). If the government "attaches even purely formal conditions to its consent to be sued those conditions must be complied with." *Id.* "[T]hose who deal with the Government are expected to know the law and may not rely on the conduct of government agents contrary to law." *Heckler v. Community Health Services,* 467 U.S. 51, 63, 104 S.Ct. 2218, 2225, 81 L.Ed.2d 42 (1984) (citations omitted).

Defendant's motion is granted. The untimely complaint is dismissed.

SO ORDERED.