**Lethem ROYER, a/k/a Winston McDonald, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Defendant.**

**No. 89 Civ. 5016 (GLG).**

United States District Court, S.D. New York.

Feb. 15, 1990.

Lethem Royer, pro se.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Plaintiff, proceeding pro se, alleges violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988 & 1989 (1982), the first, fifth, thirteenth and fourteenth amendments of the Constitution, and state common law claims, arising out of his detention pending deportation. His complaint sought both damages and injunctive relief.[1] While this

---

1. It is unclear what specific injunctive relief      plaintiff is seeking. His complaint speaks of "a

action was pending, plaintiff was, at his own request, remanded to the custody of the Immigration and Naturalization Service ("INS"), thereby rendering his claim for injunctive relief moot. This decision, therefore, will address only plaintiff's claims for monetary damages. Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted.

## I. FACTS

Plaintiff, a British subject and native of Antigua, was deported from this country in 1967 because of a conviction for assault in the second degree. He was again deported in 1976 after illegally entering the United States. Some time later, he again entered this country illegally and was convicted in 1981 of assault in the third degree. At the time this suit was initiated, he was incarcerated at the Fishkill Correctional Facility, serving a two-and-one-third to seven year sentence for a 1984 conviction for criminal possession of a weapon in the third degree and resisting arrest.

Prior to plaintiff's earliest possible parole release date, January 25, 1989, the INS filed a detainer with the New York prison authorities to advise them that plaintiff was being investigated for possible deportation and to request notification of plaintiff's release date prior to his release. On January 10, 1989 the INS served plaintiff with an Order to Show Cause and Notice of Hearing charging him with deportability. On or about January 27, 1989, when INS attempted to obtain custody of plaintiff, who was apparently being paroled solely for the purpose of deportation, *see* N.Y.

Exec. Law § 259–i(2)(d)(i) (Supp.1990), plaintiff refused to sign the necessary forms and, consequently, continued to be held at the Fishkill Facility.

Plaintiff initiated this action under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988 & 1989 (1982) and the first, fifth, thirteenth and fourteenth amendments to the Constitution, alleging that he was "prejudicially served" with the Order to Show Cause and Notice of Hearing because the INS knew prior to January 10, 1989 that he had been "kidnapped by the State of New York" and "illegally imprisoned" on a "fraudulent indictment." He also alleged that INS's failure to pick him up within 48 hours of January 25, 1989, in violation of 8 C.F.R. § 287.7(a)(4) (1989),[2] constituted cruel and unusual punishment and caused him to suffer mental stress, mental anguish, mental and physical agony, pain and suffering, and depression. He finally alleged that the service of the Order to Show Cause interfered with his release from State custody in violation of his due process rights and that his continued imprisonment was the result of a conspiracy between the INS and the State.

Plaintiff sought a permanent injunction against the INS prohibiting it from detaining him in connection with his 1984 conviction, $10,000 in compensatory damages, and $10,000 in punitive damages. As discussed above, because plaintiff has been transfered at his own request to INS custody, only the monetary claims remain. Defendant has moved to dismiss the suit because the court lacks subject matter jurisdiction over plaintiff's claim for money damages and because the complaint fails to

---

permanent injunction [to] prohibit[ ] defendant[ ] ... from detaining plaintiff under the *Issues* used within Exhibit 'A' ..." (emphasis in original). Exhibit A to the plaintiff's complaint is a copy of the Order to Show Cause and Notice of Hearing which were served upon plaintiff on January 10, 1989 by the Immigration and Naturalization Service ("INS"). This would seem to indicate that plaintiff is seeking an injunction to prevent the INS from assuming custody of him. Plaintiff's reply to defendant's motion to dismiss and the supporting documents attached thereto, however, seem to indicate that plaintiff's true complaint is with his continued detention at the

Fishkill Correctional Facility following his refusal, on January 27, 1989, to sign transfer papers to the Sing Sing Correctional Facility because he questioned the propriety of such a transfer. A letter dated August 22, 1989 from the New York Department of Correctional Services informed plaintiff that it was Department procedure to effect such a transfer in the case of inmates eligible for release to INS.

**2.** Section 287.7(a)(4) deals with the detention of an alien to facilitate assumption of custody by INS. For a discussion of this section, *see infra*.

state a claim upon which relief may be granted.

## II. DISCUSSION

█ Plaintiff relies upon two statutes, 28 U.S.C. §§ 1331 and 1343 (1982), as the jurisdictional basis for his claims. This court lacks subject matter jurisdiction under either to decide plaintiff's monetary claims because neither constitutes a waiver of sovereign immunity. "Under the doctrine of sovereign immunity, 'it is axiomatic that the United States may not be sued without its consent and the existence of consent is a prerequisite for jurisdiction.'" *Serra v. United States Gen. Servs. Admin.*, 667 F.Supp. 1042, 1046 (S.D.N.Y. 1987), *aff'd*, 847 F.2d 1045 (2d Cir.1988) (quoting *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983)). Such waiver of sovereign immunity must be express, not merely implied. Thus, absent an express Act of Congress consenting to a cause of action against the government, federal courts have no jurisdiction to entertain such suits. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). That the plaintiff has not sued the United States directly but has named the INS as defendant is immaterial. Any damage award the plaintiff might recover would be payable out of the federal treasury, and the plaintiff's action is, therefore, regarded as one against the United States, regardless of the party named. *Serra*, 667 F.Supp. at 1046–47.

28 U.S.C. § 1331, which grants the district courts general federal question jurisdiction, cannot serve as a basis for jurisdiction in this case because "§ 1331 does not establish a waiver of sovereign immunity." *Keene Corp. v. United States*, 700 F.2d 836, 838 n. 3 (2d Cir.1983); *Serra*, 667 F.Supp. at 1049. Similarly, section 1343, which confers jurisdiction on the district courts for violations of the Civil Rights Act, 42 U.S.C. §§ 1981 *et seq.*, does not constitute a waiver of sovereign immunity.

"Although [sections 1331 and 1343] confer[] federal court jurisdiction to redress certain constitutional claims, those provisions do not affect the government's sovereign immunity." *Metadure Corp. v. United States*, 569 F.Supp. 1496, 1498 (E.D.N.Y. 1983) (*citing Keene* 700 F.2d at 838 n. 3). Because the United States has not waived its sovereign immunity under either of these statutes, there is no jurisdiction under section 1331 or section 1343. Consequently, the plaintiff's action must be dismissed in its entirety.[3]

█ Alternatively, defendant has also moved for dismissal on the grounds that plaintiff has failed to state a claim upon which relief may be granted. It is well established that complaints alleging the deprivation of civil or constitutional rights "are plainly insufficient unless they contain specific allegations of fact ... rather than state simple conclusions." *Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir.1976); *see also Powell v. Workmen's Compensation Bd. of New York*, 327 F.2d 131, 137 (2d Cir. 1964); *Pettman v. United States Chess Fed'n*, 675 F.Supp. 175, 177–78 (S.D.N.Y. 1987). Plaintiff's complaint is replete with vague and conclusory claims of constitutional and civil rights violations. His only two specific complaints are that the INS wrongfully filed a detainer against him knowing that he was wrongfully imprisoned pursuant to a fraudulent indictment and that INS's failure to assume custody of him within 48 hours of his earliest possible release date of January 25, 1989 violated 8 C.F.R. § 287.7(a)(4).

Neither of these complaints amount to constitutional wrongs, or indeed, to any claim upon which relief can be granted. Plaintiff has not established by successful appeal or otherwise that his imprisonment was improper. Nor could the mere filing of a detainer, which simply put the State on notice of the immigration charges pending against the plaintiff and requested notice to INS of plaintiff's release date prior to

---

**3.** Plaintiff also invokes pendent jurisdiction as a basis for his state common law claims. Because we hold that there exists no federal jurisdiction over plaintiff's other claims, we decline, in our

discretion, to take jurisdiction over the state common law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

plaintiff's release, affect plaintiff's custodial status or provide a basis for relief.

As to plaintiff's § 287.7(a)(4) claim, plaintiff misreads that provision. Section 287.-7(a)(4) requires only that the official upon whom the INS has served a detainer hold the alien, who could otherwise no longer be lawfully detained, for up to 48 hours in order to permit the INS to assume custody of him. It does not require INS to assume custody within that time; it merely serves as a mechanism to make assumption of custody by the INS easier. Here plaintiff was not scheduled to be released until May, 1991 and was, therefore in the lawful custody of New York State. The detainer would merely have allowed the State to lawfully continue to hold plaintiff for up to 48 hours following his scheduled release or parole to facilitate INS's assumption of custody.

Because this court lacks jurisdiction to decide the issues presented and because plaintiff has failed to state a claim upon which relief may be granted, plaintiff's complaint is hereby dismissed in its entirety.

SO ORDERED.