FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 21, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHRISTINA ANN FARHAT, as personal
representative of the estate of William
Edward Farhat, Jr., deceased; KIMBERLY
DIANE PAGE, as personal representative
of the estate of Kristy Farhat, deceased;
KAYLEE WALDEN, as personal
representative of the estate of Physher
Wyatt Farhat, deceased, and as guardian of
Weston Buck Farhat; and MELISSA HILL,
guardian of the estate of Brayden Wayne
Hill, a minor,

    Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 21-7061
(D.C. No. 6:19-CV-00401-SPS)
(E.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **EID**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiffs filed their claims under the Suits in Admiralty Act (SIAA) after the expiration of the SIAA's two-year statute of limitations. Holding that plaintiffs failed to allege facts demonstrating tolling agreements or grounds for equitable tolling, the district court dismissed their amended complaint for failure to state a claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

### A.    Original Complaint

Plaintiffs' original complaint described a tragic boating accident on the McClellan-Kerr Arkansas River Navigational System (MKARNS). The MKARNS runs primarily along the Arkansas River in Oklahoma and Arkansas and consists of a series of locks and dams, ports, reservoirs, and recreational areas. The United States Army Corps of Engineers maintains and operates the MKARNS.

On April 23, 2017, the Farhat family was boating on the MKARNS when their boat's motor failed and the boat drifted toward a lock and dam gates. The boat struck a gate and all four passengers were pulled under water. William Edward Farhat, Jr., Kristy Farhat, and one of the couple's children died as a result of the accident. A second Farhat child survived but sustained injuries.

On or before February 5, 2019, the Farhats' representatives, who are the plaintiffs in this action, filed notices of administrative claims with the Army pursuant to the Federal Tort Claims Act (FTCA).[1] After the Army had made no determination

---

[1] The plaintiffs also include a representative of an additional surviving minor child of Mr. Farhat who was not involved in the boating accident.

on their administrative claims, plaintiffs filed this action against the United States on November 22, 2019, asserting claims under the FTCA. Plaintiffs alleged that the Army Corps of Engineers failed to exercise reasonable care in maintaining the MKARNS and failed to warn of dangerous conditions, resulting in the deaths of the Farhat family members and injuries to the surviving children.

### B.    First Motion to Dismiss

The United States moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). It first contended that because plaintiffs' claims arose under maritime and admiralty law, the SIAA provided their exclusive remedy, and plaintiffs could not bring their claims under the FTCA. Next, because the accident occurred on April 23, 2017, and plaintiffs did not file their complaint until November 22, 2019, the United States argued that their claims were time-barred under the SIAA's two-year statute of limitations. *See* 46 U.S.C. § 30905 (providing that "[a] civil action under this chapter must be brought within 2 years after the cause of action arose"). Asserting that a timely filing under § 30905 is jurisdictional, the United Stated sought dismissal of the complaint for lack of subject-matter jurisdiction under Rule 12(b)(1). Alternatively, if the district court determined that § 30905 is not jurisdictional, the United States sought dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In opposing the United States' dismissal motion, plaintiffs conceded that their claims arose under the SIAA rather than the FTCA but argued that the limitations period in § 30905 is not jurisdictional and is therefore subject to equitable tolling.

Plaintiffs contended equitable tolling was appropriate in their case because the Army had actively misled them in letters responding to their administrative claims under the FTCA by (1) stating that the statute of limitations was tolled indefinitely or until the Army took final administrative action on their claims, and (2) discouraging them from filing suit until they had received written notification of final administrative action by the Army. Plaintiffs asserted that they relied on the Army's affirmative statements and that the Army had effectively entered into tolling agreements with them. Plaintiffs attached copies of the Army's letters to their response.

The district court granted the United States' motion to dismiss under Rule 12(b)(6) for failure to state a claim. It agreed with the parties that the SIAA applied to plaintiffs' claims, which they had filed seven months after the expiration of the SIAA's two-year limitations period. The district court also held that § 30905 is not jurisdictional and is subject to equitable tolling. Assessing whether to grant plaintiffs equitable tolling, the court held they bore the burden of establishing two elements: (1) they had diligently pursued their rights, and (2) some extraordinary circumstance stood in their way. *See Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018).

The district court concluded that plaintiffs' complaint did not plausibly allege either their own diligence or the existence of any extraordinary circumstance. The court acknowledged plaintiffs' allegation that they had filed administrative claims against the Army under the FTCA. But it concluded that the SIAA has neither an administrative prerequisite nor a provision tolling its limitations period upon filing an

4

administrative claim. The court further observed that "[i]t is well-established that the filing of an administrative claim under the FTCA will not toll the limitations period for an action under the [SIAA]." Aplt. App. at 72 (internal quotation marks omitted). Therefore, the SIAA's statute of limitations continued to run while plaintiffs pursued administrative remedies under the FTCA. And the court deemed plaintiffs' failure to diligently research the existence of a possible claim under the SIAA to be "a garden variety claim of excusable neglect" that did not support a grant of equitable tolling. *Id.* (internal quotation marks omitted).

The district court declined to consider plaintiffs' new assertions that the Army induced them to believe that the SIAA's statute of limitations was tolled and had discouraged them from filing suit before final agency action. It noted these allegations were based upon the Army's letters that plaintiffs had not attached to or referenced in their complaint. But the court granted plaintiffs leave to file an amended complaint "alleging any basis not heretofore addressed for application of the doctrine of equitable tolling." *Id.* at 74. It added the following cautionary language:

> [A]mendment *might* permit the Court to reconsider the Plaintiffs' equitable tolling argument in light of the correspondence excluded above, *if* the Plaintiffs attach such correspondence to the amended complaint and include additional allegations that explain how the correspondence misled them or otherwise prohibited them from timely asserting their claims under the [SIAA]. It is doubtful that the correspondence standing alone would justify equitable tolling in this case, but the issue has not been fully addressed and the Court is therefore reluctant to conclude at this juncture that amendment would be futile.

*Id.* at 73-74.

C.    **Amended Complaint**

Plaintiffs filed an amended complaint, this time attaching the Army's letters. They referenced language from the letters stating that their claims were being processed under the FTCA and that the "[f]iling of an administrative claim tolls the statute of limitations indefinitely or until the Army takes final administrative action in writing on the claim." *Id.* at 77 (internal quotation marks omitted).  Plaintiffs alleged that the Army advised that they could "file a lawsuit six months after the claim was filed" but that "filing suit is not required, particularly if satisfactory progress is being made in the administrative claims process." *Id.* (internal quotation marks omitted).  The Army then reiterated that, if plaintiffs "do not file suit, the statute of limitations will be tolled until you are notified in writing by certified mail of the final administrative action by the Army." *Id.* (internal quotation marks omitted).  Plaintiffs further alleged that "[t]he Army's affirmative representation that the two-year statute of limitations was tolled indefinitely, or until the Army takes final administrative actions, entered the parties into a tolling agreement." *Id.* at 78.

D.    **Second Motion to Dismiss**

The United States moved to dismiss plaintiffs' amended complaint for failure to state a claim under Rule 12(b)(6), arguing their SIAA claims were untimely and their allegations failed to support a grant of equitable tolling.  Plaintiffs responded that they had pleaded the existence of implied-in-fact tolling agreements with the Army.  They also argued the statute of limitations should be equitably tolled because the statements in the Army's letters had affirmatively misled them.

The district court granted the United States' motion.  It first rejected plaintiffs' tolling-agreement contention, noting "a number of problems" with it, *id.* at 126: (1) plaintiffs' allegations in their amended complaint referenced written, rather than implied-in-fact, contracts; (2) the court had granted leave to amend to allege facts supporting equitable tolling, but nothing in the amended complaint suggested that an implied-in-fact contract would form a basis for that relief; and (3) any contract formed between the parties "would be confined to its express terms, *i.e.*, that the statute of limitations for any claim *under the FTCA* would be tolled until the issuance of final administrative [action] by the [Army]."  *Id.* at 127.

The district court also found no merit in plaintiffs' equitable-tolling argument, concluding that their amended complaint alleged neither their diligence nor any extraordinary circumstance.  Plaintiffs made the following factual allegations:  they filed administrative claims under the FTCA for injuries suffered on the navigable waters of the United States; the Army advised them the statute of limitations under the FTCA would be tolled pending final administrative action; plaintiffs filed an FTCA action more than two years after the accident occurred; and they first learned that their exclusive remedy was under the SIAA when the United States moved to dismiss.  Concluding that diligent research would likely have revealed both the existence of their SIAA cause of action and the two-year limitations period, the court held that the facts alleged in plaintiffs' amended complaint failed to justify equitable tolling of the SIAA's statute of limitations.  *See Ayers v. United States*, 277 F.3d 821, 828-29 (6th Cir. 2002) (affirming district court's denial of equitable tolling of the

SIAA's statute of limitations under similar facts). Moreover, the district court also addressed plaintiffs' contention (which they failed to allege in their amended complaint) that they were actively misled because the Army knew their claims were governed by the SIAA when it stated that the FTCA's statute of limitations was tolled. The court concluded it could discern no such design by the Army based upon its letters to plaintiffs. The district court therefore dismissed plaintiffs' action for failure to state a claim and entered judgment for the United States.

## II.    Discussion

On appeal, plaintiffs' focus remains on the Army's letters in response to their administrative claims under the FTCA. They argue that, through its statements about tolling "the statute of limitations," Aplt. App. at 77 (internal quotation marks omitted), the Army effectively entered into implied-in-fact agreements with plaintiffs to toll the statute of limitations under the SIAA. Plaintiffs further assert that the Army's letters actively misled them such that equitable tolling should be applied to their claims under the SIAA. Plaintiffs' contentions thus hinge on the SIAA's statute of limitations being a claims-processing rule subject to tolling rather than a jurisdictional mandate. We first address this jurisdictional question before turning to plaintiffs' arguments.

### A.    District Court's Subject Matter Jurisdiction

The United States does not challenge the district court's holding that a timely filing under § 30905 is not a jurisdictional requirement. But "[w]e are obligated to satisfy ourselves as to our own jurisdiction and this obligation extends to an

examination of the federal district court's jurisdiction as well." *Comanche Indian Tribe of Okla. v. Hovis*, 53 F.3d 298, 302 (10th Cir. 1995). We review this issue de novo. *See id.*

If a statute of limitations is jurisdictional, a failure to comply deprives courts of authority to hear the case. *United States v. Kwai Fun Wong*, 575 U.S. 402, 408-09 (2015). Thus, "courts can't toll statutes of limitations that deprive them of jurisdiction." *Chance*, 898 F.3d at 1030. But a nonjurisdictional time limit can be equitably tolled, even when it governs litigation against the United States. *See Kwai Fun Wong*, 575 U.S. at 412; *see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95-96 (1990) ("[T]he same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so.").

The Supreme Court has "made plain that most time bars are nonjurisdictional." *Kwai Fun Wong*, 575 U.S. at 410. To conclude otherwise as to a particular provision, "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Id.* Accordingly, "Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it." *Id.*

The SIAA's statute of limitations provides: "A civil action under this chapter must be brought within 2 years after the cause of action arose." 46 U.S.C. § 30905. We have not yet decided whether a timely filing under § 30905 is a jurisdictional

9

requirement.[2]  Under the reasoning in *Kwai Fun Wong*, § 30905 is not jurisdictional.

Its text "is mundane statute-of-limitations language," which "speaks only to a claim's

timeliness, not to a court's power."  575 U.S. at 410.  Section 30905 "does not speak

in jurisdictional terms or refer in any way to the jurisdiction of the district courts."

*Id.* at 411 (internal quotation marks omitted).  In the absence of a clear statement by

Congress that § 30905 is jurisdictional, we conclude it is "a mere claims-processing

rule" that may be subject to equitable tolling.  *Id.* at 420.  Therefore, the district court

did not exceed its jurisdiction in considering whether to toll the SIAA's time

limitation or by dismissing plaintiffs' claims for failure to state a claim rather than

for lack of jurisdiction.

---

[2] Several other circuits have addressed and reached differing results on the question whether a precursor version of the SIAA's statute of limitations was jurisdictional. *Compare Hedges v. United States*, 404 F.3d 744, 747-48 (3d Cir. 2005) (holding the SIAA's two-year statute of limitations, previously codified at 46 U.S.C. § 745, was not jurisdictional and therefore subject to equitable tolling), *with Smith v. United States*, 873 F.2d 218, 221 (9th Cir. 1989) (holding § 745 was jurisdictional), *Nan Sing Marine Co. v. United States*, 811 F.2d 1495, 1497 (Fed. Cir. 1987) (same), *and Szyka v. U.S. Sec'y of Def.*, 525 F.2d 62, 65 (2d Cir. 1975) (same), *with Ayers*, 277 F.3d at 828 (holding § 745 was jurisdictional *and* subject to equitable tolling). Other circuits have held that the SIAA's precursor statute of limitations was subject to equitable tolling without explicitly holding it was nonjurisdictional.  *See Wilson v. U.S. Gov't*, 23 F.3d 559, 561-62 (1st Cir. 1994) (denying equitable tolling); *Favorite v. Marine Pers. & Provisioning, Inc.*, 955 F.2d 382, 388-89 (5th Cir. 1992) (same); *Raziano v. United States*, 999 F.2d 1539, 1540-42 (11th Cir. 1993) (reversing grant of equitable tolling).  All of these cases predated *Kwai Fun Wong* and none considered whether the specific language in § 30905 is jurisdictional.

## B.　　Standard of Review

"We review de novo the dismissal of an action under Rule 12(b)(6) based on [a] statute of limitations." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). "Although timeliness is an affirmative defense, if the allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Chance*, 898 F.3d at 1034 (citation, ellipsis, brackets, and internal quotation marks omitted).

## C.　　Tolling Agreements

Based upon statements in the Army's letters to them, plaintiffs argue that the Army effectively entered into implied-in-fact agreements to toll the SIAA's two-year statute of limitations. Their contention fails to address any of the three problems the district court identified in their tolling-agreement theory or show error in the court's analysis. In particular, plaintiffs did not allege any written or implied offers or promises by the Army to toll the statute of limitations *under the SIAA*. Considered in their entirety, the statements in the Army's letters about "The Act" and tolling of "the statute of limitations" clearly referred to the FTCA and the FTCA's statute of limitations:

> The SF-95 [claim form] is being processed under *the Federal Tort Claims Act* (28 U.S.C. §§ 2671-2680). *The Act* contains a mandatory six-month administrative investigation and period in which settlement may occur. Filing of an administrative claim tolls *the statute of limitations* indefinitely or until the Army takes final administrative action in writing on the claim. Final administrative action consists of a denial or final settlement offer.

11

> *The Act* permits you to file a lawsuit six months after the claim was filed, provided the claim has been properly filed and adequately documented (28 U.S.C. § 2675(a)). However, filing suit is not required, particularly if satisfactory progress is being made in the administrative claims process. If you do not file suit, *the statute of limitations* will be tolled until you are notified in writing by certified mail of the final administrative action by the Army.

Aplt. App. at 84, 86, 88, 90, 92 (emphasis added). Plaintiffs rely entirely on these statements in the Army's letters; they did not plead any other non-conclusory factual allegations demonstrating tolling agreements related to the SIAA's time limitation. Therefore, the district court did not err in holding that plaintiffs failed to allege such agreements between plaintiffs and the Army.

### D.    Equitable Tolling[3]

Equitable tolling is discretionary and "is granted sparingly." *Chance*, 898 F.3d at 1034 (internal quotation marks omitted). Dismissal for failure to state a claim is appropriate where a complaint's "allegations, even if proved, don't warrant tolling the limitations period." *Id.* Here, the district court correctly focused on whether plaintiffs alleged that they diligently pursued their rights *and* that some extraordinary circumstance stood in their way. *See id.*

Plaintiffs contend they pleaded an extraordinary circumstance because the Army actively misled them "by stating that the statute of limitations was tolled and discouraging [them] from filing suit until [they] received notification in writing by

---

[3] We assume without deciding that § 30905 may be equitably tolled because, even if it can be, plaintiffs are not entitled to equitable tolling in this case. *See Chance*, 898 F.3d at 1034 n.6.

certified mail of final administrative action by the Army." Aplt. Br. at 9. Although a "limitations period may be tolled where a claimant has been actively misled," *Chance*, 898 F.3d at 1035 (internal quotation marks omitted), plaintiffs' contention suffers from the same defect as their tolling-agreement theory: the Army's letters stated only that the FTCA's statute of limitations was tolled while their administrative claims under that statute were pending. The Army made no representation about the SIAA's time limitation. Plaintiffs also assert (although they failed to allege in their amended complaint) that (1) the Army "knew the claim was governed by the SIAA and actively misled [plaintiffs] into believing that the statute of limitation[s] was tolled," and (2) the Army's "sinister" motive is revealed in its encouragement not to file suit while plaintiffs' administrative claims were progressing. Aplt. Br. at 9-10. But the district court concluded, and we agree, that no such intent to mislead plaintiffs regarding their SIAA claims can be reasonably inferred from the Army's letters.

Moreover, even were plaintiffs to plead facts sufficient to demonstrate such an intent, their claims for equitable tolling would still fail because a defendant's active misleading will not excuse a plaintiff's lack of diligence. *See Chance*, 898 F.3d at 1035. As the district court concluded, diligent research would likely have revealed both the existence of plaintiffs' SIAA cause of action and the applicable two-year limitations period. Yet despite the district court's invitation to do so in granting them leave to amend, plaintiffs pleaded no facts demonstrating their diligence in identifying and pursuing their SIAA remedy.

13

## III.    Conclusion

The district court did not err in dismissing plaintiffs' amended complaint for failure to state a claim because they failed to plead facts supporting the existence of tolling agreements or grounds to equitably toll the SIAA's two-year statute of limitations.  It was therefore apparent from the face of their amended complaint that their SIAA claims were untimely.  Consequently, we affirm the district court's judgment.

Entered for the Court

Timothy M. Tymkovich
Chief Judge